ROBERT KNECHT, Administrator of C. H. ROEDEL, deceased, Appellant, v. THE UNITED STATES SAVINGS INSTITUTION, Respondent.

#### June 26, 1876.

1. The relation existing between a bank and its depositor on current account is that of debtor and creditor. Accordingly, where a bank held a note against a depositor at the time of his death, which was larger in amount than the sum on deposit, the bank might present its claim in the Probate Court and have a balance struck between the two demands. The allowance thus entered is *res adjudicata*, and is conclusive against an action by the administrator to recover the money on deposit.

2. The credit entered by the bank, of the sum deposited, on its demand against the estate was not a voluntary credit, but was compulsory, under the statutory oath of the claimant.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Gottschalk*, for appellant.

*Slayback & Haeussler*, for respondent, cited : Wag. Stat. 103, sec. 11 ; Wag. Stat. 104, sec. 22.

LEWIS, J., delivered the opinion of the court.

Plaintiff's intestate was a depositor on current account with the defendant, a banking institution. At the time of his death there stood to his credit the sum of $1,177.70, while the bank held a draft, not yet matured, for $4,000, which he would be liable to pay when due. Plaintiff, as administrator, demanded the balance of the deposit, which defendant refused to pay. When the deposit became payable, defendant presented in the Probate Court, for allow-

ance against the estate, its account current, including the amount of the draft, and giving credit for the deposit balance, whereby a balance appeared in defendant's favor of $2,825.55, which was allowed and classified in due form. Afterwards this suit was instituted by the plaintiff, administrator, to recover the intestate's deposit balance, notwithstanding the proceedings in the Probate Court. The cause was heard without a jury, and judgment rendered for the defendant.

The plaintiff appears to have fallen into the common error of supposing that, in bank deposits on current account, the bank is a mere custodian, agent, or trustee of the depositor. If such were the relation between the parties, there might have been some ground for the present action. The attempt has often been made, both in England and America, to attach that relation to such cases, but has always failed. The whole current of authority, without any considerable dissent, is to the effect that the ordinary relation existing between a bank and its current depositor is simply that of debtor and creditor. "The original and every subsequent deposit by the customer is, in strict legal effect, a loan by the customer to the bank, and, *e converso*, every payment by the bank to, or on account of, the customer is a repayment of the loans, *pro tanto*." This doctrine is forcibly illustrated in *Com. Bank* v. *Hughes*, 17 Wend. 94, and in *Marsh* v. *Oneida Central Bank*, 34 Barb. 298. Thus treating the deposit balance as an ordinary debt due from the bank to the estate, the case is easily settled by an application of the general provisions of the statute concerning administrators. Every creditor of an estate, against whom a cross-demand exists in its favor, may strike the balance and obtain an allowance for the amount so appearing due him, whether the estate be insolvent or not. By section 22, page 104, Wagner's Statutes, any creditor may establish his demand, though not yet due, with the same incidents and privileges. The proceeding in the Probate Court was,

therefore, conclusive of the rights of the parties, and the defendant's plea of *res adjudicata* was properly sustained in this cause. The credit given by defendant in obtaining its allowance was not voluntary, as the plaintiff contends, but was compulsory, under the statutory oath of the claimant.

The case of *Ford's Administrator v. Thornton*, 3 Leigh, 695, illustrates the principles herein recognized. One Gregory was indebted to a bank by a note at sixty days, and died before its maturity, having on deposit in the bank a sum greater than the amount of the note. His estate was insolvent. It was held that the bank had a right to deduct the whole amount of the note from the sum on deposit, even though there were claims against the estate of superior dignity to the debt due the bank. It thus appears that, between the administrator and the bank, a balancing of accounts was necessary to establish their true relations, even as to the cash on deposit at the intestate's death, before the maturity of his note.

All the judges concurring, the judgment is affirmed.