RAILWAY COMPANY *v.* KENNEDY.

(*Jackson.*   April 25, 1891.)

1. YEAR'S SUPPORT.   *Widow may recover assigned property by suit in her own name.*

Widow is invested with absolute title to property and claims assigned her out of her deceased husband's estate as year's support, and may recover same, without the aid or intervention of the personal representative, by suit brought in her own name.

Case cited: Bayless *v.* Bayless, 4 Cold., 359 (construes Code, §§ 3125, 3126 (M. & V.) ; §§ 2285, 2286 (T. & S.).

2. SAME.   *Widow takes only the title her husband had in the assigned property.*

The widow takes the title or interest owned by her husband at his death in the assigned property or claims, and no more ; and she can recover by suit precisely what he could have recovered—*e. g.*, she can recover nothing upon an account assigned her, purporting to be due her husband's estate, if the debtor held and interposed a legal set-off, accrued in the husband's life-time, covering the entire amount sued for.

3. SET-OFF.   *Of expenses for medical attention paid by employer against wages due employe.*

A railway company maintained an infirmary for treatment of employes injured in its service.   Employes were entitled to the benefit of this institution regardless of whether the company owed them wages at the date of the injury.   They were free to accept or reject the benefits of this institution, but if they accepted, then it was agreed that

the reasonable charges of treatment should be retained out of wages then due or thereafter earned by the employe.

*Held:* The charges for treatment in the infirmary is a proper set-off against wages due an employe.

---

## FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

HOLMES CUMMINS for Railway Company.

F. J. BYRNE for Kennedy.

WILSON, Sp. J.   This is an action of debt brought before a Justice of the Peace of Shelby County by Mrs. Mary Kennedy, in the character of widow and relict of R. W. Kennedy, against the Louisville, New Orleans & Texas Railway Company for wages due by it to her husband at his death.

A judgment was entered in her favor by the Justice, and, upon appeal to the Circuit Court, a judgment in that Court was rendered in her favor by the Judge thereof; and by proper appeal in the nature of a writ of error, the case is in this Court.

There is no dispute as to the facts. It is conceded that the wages due by the railway company

to her husband at his death were allotted to her by the County Court for her year's support; and it is insisted that under our statutes the wages thus assigned to her for that purpose became her absolute property, for which, without the aid or intervention of a personal representative of her husband, she has the right to sue. We think her right to thus sue for property or claims so allotted to her under our statutes is clear, although this question was reserved in the case of *Bayless* v. *Bayless*, 4 Cold., 359, 360.

The railway company, however, insists that it is not liable to the demand made by the widow under the following facts, which are not disputed in the record:

The company had an agreement with the owner and keeper of a surgical infirmary, in Memphis, for the treatment and attention therein of all its injured employes who saw proper to avail themselves of its advantages, for which the company was to pay. The agreement between the company and its employes injured in its service and accepting the benefits of attention and treatment in said infirmary, was that the wages due them at the time of their injury, or thereafter earned from the company, to the extent of the charges incurred by them at the infirmary, were to be retained by the company.

The husband of Mrs. Kennedy was in the service of the company as baggage-master, and six or eight days before his death received an injury by falling from a train.

He was carried to this infirmary for treatment at his own request, his wife accompanying him. He was cognizant of the arrangement of the company with its employes for treatment therein, having been treated and attended to in it for a prior accident, the company paying therefor, and re-imbursing itself out of his wages. The wages due the husband by the company at the date of his injury amounted to $76.10. The charges for his treatment and keep at the infirmary, being accompanied by his wife, were $88.50.

Under these facts, it is earnestly insisted by the company that it had a claim against the wages due her husband at the date of his injury, and that the respective demands are of such a character that, under our statutes, one can be set off against the other.

Upon the other side, it is insisted with equal earnestness that the County Court allotted these wages to the widow for her year's support, and that the evidence shows these wages constituted his entire estate.

The relation of each party to the contention, from the stand-point of abstract sympathy and humane speculation, is one of merit. The arrangement of this railway corporation with this infirmary (which, so far as we can see from this record, was well ordered and equipped and properly operated), to have its injured employes so desiring relieved, fed, nursed, and treated therein at its charge, irrespective of the then existing wages due

them, will certainly not be condemned by the principles of a humane law. Were it a matter within its province, it would rather speak in commendation, and advise more of this class of corporations to do likewise. And it is well known that all Courts administering our law are watchful to preserve, protect, and maintain especially all rights of widows in relation to the estates of their husbands.

This widow is entitled, under our statute and the allotment of the County Court thereunder, to all the wages due her husband from the railway company. The simple question, as a matter of law, under the evidence, is, What amount of wages, if any, due from the company is legally recoverable by the widow? In our opinion there is none.

Under the arrangement existing between the company, its employes, and the infirmary, the husband of Mrs. Kennedy, being injured and requesting that he be taken to the infirmary for treatment, virtually, as much so as if an order thereto had been given by him, appropriated the wages due him to the extent needed to meet his bill at the infirmary. By no reasonable construction of our statutes can the widow stand in a higher or more sacred relation to the wages due her husband than he himself occupied.

It is not insisted, and, indeed, could not be under any sound legal reasoning, that the husband, if living, could recover these wages. It is not

seen how his death and the action of the County Court allotting his wife a year's support can create a right in her to recover.

The judgment of the lower Court is reversed, and the case dismissed with costs.