FISHER v. CONTINENTAL NAT. BANK.

(Circuit Court of Appeals, Second Circuit.   December 3, 1894.)

No. 9.

GUARANTY—COLLATERAL SECURITY.

The S. bank, in order to procure the discount of paper by the C. bank, executed a contract by which it guarantied such paper, and agreed that any of its property which might at any time be held by the C. bank might be treated as collateral to its loans, or indebtedness or liability to the C. bank. Held, that the C. bank was entitled to treat a deposit balance to the credit of the S. bank at the time of the appointment of a

receiver of that bank in insolvency proceedings as collateral to its liability then or at the maturity of the notes, and the receiver of the S. bank was entitled to recover only the surplus of such deposit balance after the lien upon it was discharged.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Benjamin F. Fisher, as receiver of the Spring Garden National Bank, against the Continental National Bank, to recover a balance of deposit. Judgment was rendered in the circuit court for the defendant. Plaintiff brings error.

Silas W. Pettit, for plaintiff in error.
John L. Cadwalader, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. Plaintiff in error, who was plaintiff in the court below, was duly appointed receiver of the Spring Garden National Bank of Philadelphia on May 21, 1891. That bank was taken possession of by the bank examiner, by direction of the comptroller of the currency, on May 8, 1891, it being then insolvent. The Spring Garden Bank kept a deposit account with the Continental National Bank of New York City, which on May 8, 1891, showed a balance to the credit of the Spring Garden Bank of $6,537.87. This action is brought by the receiver to recover that balance. On that day (May 8, 1891) the Continental Bank held sundry notes, formerly the property of the Spring Garden Bank, amounting in the aggregate to $21,900, which it had theretofore discounted, and the proceeds of which had gone to the credit of the Spring Garden Bank in its deposit account. Upon learning of the failure, the Continental Bank transferred the balance to the credit of the Spring Garden Bank on the deposit account to its credit on the collateral account, in which these discounted or rediscounted notes stood charged, claiming the right to hold said balance as against the liability of the Spring Garden Bank upon the notes which it had discounted as stated. The plaintiff insisted that defendant cannot be permitted to do so, but the circuit court held otherwise, and to review its decision this writ of error is sued out.

The able and exhaustive brief of the plaintiff in error discusses questions as to bankers' liens, as to set-off, and as to evidence of insolvency prior to May 8, 1891, which need not be passed upon. In the express written contract made by the two banks when the notes were discounted, we find sufficient to sustain the judgment. The contract in question was one prepared by the defendant bank on one of its printed guaranty blanks, and submitted by it to the Spring Garden Bank to be executed as a condition of making the discount requested. It was accepted by the latter, and, as executed, reads as follows:

"New York, March 24, 1891.

"For value received, we hereby guaranty to the Continental National Bank the payment of the obligations named below, with the same effect as if indorsed by us; and the same, together with all costs, may be charged to our account if not paid when due,—demand, protest, and notice waived.

And we agree that all collaterals or property belonging to the said loans or indebtedness, or any which may at any time be held by or in possession of said bank, may at all times be treated as collateral to all our loans or indebtedness or liability to said bank, with power to sell the same at any broker's board, or at public or private sale, at the option of said bank, with or without notice, paying all such indebtedness and returning any surplus. This agreement to be continuing, and to bind our heirs, executors, administrators, and assigns. [Here follows a list of the notes.]

"The Spring Garden Bank of Philadelphia.

"[Signed]                                        Francis W. Kennedy, Pt."

Inasmuch as the first clause of this agreement provides that the discounted notes were to be "charged to the account" of the Spring Garden Bank "if not paid when due," and as it appears that none of the notes were in fact due on May 8, 1891, plaintiff in error contends that the Continental Bank had no right on that day to charge them to the account of the Spring Garden Bank. The mere fact, however, of "charging" the amount to one account or another upon the books is not material. The only question presented here is whether, in view of the above-quoted agreement, the receiver was entitled to require payment of the balance apparently due the Spring Garden Bank on the deposit account on May 8, 1891, until the transaction initiated under the agreement had been terminated, and the fact ascertained whether or not the Spring Garden Bank was debtor to the Continental Bank upon its contract of guaranty. It will be noted that, besides its individual guaranty of the discounted notes, the Spring Garden Bank pledges with the defendant certain property as collateral security for their payment. Besides the specific collaterals and property belonging to the said loans and indebtedness, the Spring Garden Bank pledges any collaterals or property of its own which may at any time be held by or in possession of the Continental Bank, stipulating that the same "may at all times be treated as collateral to all [its] loans or indebtedness or liability to said bank." Any balance to the credit of the Spring Garden Bank on its deposit account with the Continental Bank was certainly "property" of the former bank, and as such was on May 8, 1891, when that bank failed, pledged as collateral for any liability by reason of the nonpayment of the discounted notes then or at maturity. No reason is shown, or even suggested, why it was not within the power of the Spring Garden Bank thus to pledge its deposit balances. The contract plainly so pledges them, and the appointment of the receiver in no way changes the situation. He takes the property incumbered with all the liens placed upon it before failure. It is only the surplus of the deposit balance, if any be left, after the liens on it are discharged, that he is entitled to receive from the Continental Bank. And, as the evidence shows that the amount of such liens exceeded the amount of the balance thus pledged, plaintiff in error is entitled to recover no part of the deposit balance. The judgment of the circuit court is affirmed.