CASE 75—ACTION BY C. H. LITTLE'S ADMR. AGAINST THE CITY NATION-
AL BANK OF FULTON FOR MONEY OWING PLAINTIFF'S INTESTATE.—
MAY 22.

# Little's Admr. v. City Nat. Bank of Fulton.

### APPEAL FROM FULTON CIRCUIT COURT.

JUDGMENT DISMISSING PLAINTIFF'S ACTION AND HE APPEALS. AF-
FIRMED.

BANKS—DEPOSITS—SET OFF—NOTE OF DEPOSITOR.

Held:   Where decedent had money on deposit in a bank at the
time of his death, and the bank held a note against him for a
less amount, which matured the day after his death, it was en-
titled to set off the amount of the note against the deposit, and pay
the decedent's administrator the difference.

R. B. FLATT, ATTORNEY FOR APPELLANT.

At the death of plaintiff's decedent he had money on deposit
in the City National Bank of Fulton to his credit for which it
sued the bank. The bank set up as a defense that decedent
and others owed it a note for $350, and it appropriated said
sum to the payment of said note and claimed that it did so in
pursuance of a contract with decedent, which was denied by the
plaintiff. The court rendered judgment for the bank and plain-
tiff has appealed.

The note was not due at the date of plaintiff's death and we
contend that under the law the bank had no right to apply the
deposit in payment of the note to the exclusion in whole or
part of other creditors.

### AUTHORITIES CITED.

Ky. Stats., sec. 3868; Cook v. Brannin, 87 Ky., 101; Farmers'
Nat. Bank v. McFerrin, 11 R., 183; Sup. Ct. Pa., 5 R., 262.

GUS & ED. THOMAS, FOR APPELLEE.

### AUTHORITIES CITED.

1. No amended pleading, offered and rejected can be con-
sidered unless made part of the record by order of court or
bill of exceptions. 22 Ky. Law Rep., 1753.

2. A bank has the right to apply a deposit to the extinguish-
ment of a note executed by the depositor, whether the note be

due or not due at the death of the depositor. Am. & Eng. Ency. of Law, vol. 2, p. 97; 8 Ky. Law Rep., 16; Morse on Banking, pp. 34-5-6; Am. & Eng. Ency. of Law, vol. 22, p. 312; 10 Ky. Law Rep., 584; 17 Ky. Law Rep., 38; 18 Ky. Law Rep., 178; Flour Co.'s Assignee v. Bank, 90 Ky., 225; Chenault v. Bush, 84 Ky., 528; Blackaby's Admr. v. Sarten, 9 B. Mon., 120.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

C. H. Little died a resident of Fulton county on April 1, 1900. At the time of his death he had on deposit in his own name in the Citizens' Bank of Fulton, Ky., $547.68; and the bank held a note against him for $350, on which J. C. Bennett and William Brown were sureties, which matured on April 2d, or the day after his death. The bank paid to his administrator $197.68, the balance of the deposit over and above the amount of the note, but declined to pay the remainder of the amount, insisting upon its right to offset the note against it. The administrator then filed this suit against the bank, and, the court having dismissed the action, he appeals.

The right of a bank to apply a deposit to the extinguishment of the depositor's indebtedness grows out of the doctrine that the relationship between the bank and the depositor is that of debtor and creditor. "The bank holds a lien upon the deposits in its hands to secure the repayment of the depositor's indebtedness, and may enforce that lien as the debts mature by applying the debtor's deposits upon them, thus setting the two off against each other." 3 Am. & Eng. Ency. of Law, 835. In Masonic Savings Bank v. Bangs' Adm'r, 8 Ky. Law Rep., 16, this court said that the right of a bank to this lien is recognized by all the elementary books on the subject, and by an unbroken line of American decisions. In Kentucky Flour Company's Assignee v. Merchant's National Bank, 90 Ky., 225, 12 R., 198, 13 S. W., 910, 9 L. R. A., 108, an insolvent debtor, who was in-

debted to the bank with which he had money on deposit, made an assignment before the debt of the bank had matured. It was held that the bank, although its debt had not matured, might offset its debt against the deposit, as being between it and the assignee. The case here is much stronger in behalf of the bank, for its debt had matured before there was administration on the estate of the decedent, or any demand made of it for the deposit; and when the suit was brought it had an existing demand, which it could plead as a set-off. In Ford's Adm'r v. Thornton, 3 Leigh, 695, a debtor died before the note fell due. His estate proved to be insolvent. The bank at the time of his death had money of his on deposit, and it was held that the bank was entitled to apply the deposit to the payment of the note. In Knecht v. United States Savings Institute, 2 Mo. App., 563, a bank held a note against a depositor who died insolvent before the note matured. The note was for more than the amount of the deposit. A balance was struck between the two demands, and the bank was allowed to prove up the remainder of its claim against the estate. In Mathewson v. Strafford Bank, 45 N. H., 108, on substantially the same facts, the executor sued to recover the testator's deposit, and the bank was allowed to set off its note against the testator, although it had not matured at his death, and the estate was insolvent. So, in Camden National Bank v. Green, 45 N. J. Eq., 546, 17 Atl., 689, the testator having died, leaving a balance to his credit in the bank, which he willed to his wife, and she having had it transferred to her own account, the estate proving insolvent, and the note held by the bank against the testator having matured, the bank was held entitled to set off the deposit against the note, no rights of third persons having intervened. To the same effect, see 1 Morse on Banking, section 329, and cases

cited (last edition). A contrary rule is laid down in Pennsylvania where.the estate is insolvent, but where the estate is solvent the same rule is followed, as above indicated. Bosler's Adm'rs v. Exchange Bank, 4 Pa., 32, 45 Am. Dec., 665. But this ruling is in conflict with the current of authority and the principles established in this State. With us, insolvency is a well-settled ground for equitable set-off, and where a decedent owes a debt, and has a claim coming to him from the same person, the rule is that the claims will be offset, although the estate is insolvent, on the ground that only the balance is really due from one party to the other. Newman on Pleadings, 595-598; Ely v. Com., 35 Ky., 398. The rule, also, is that if a bank, after the note matures, suffers the debtor to check out his deposit, and he then becomes insolvent, the surety in the note will be discharged. Pursifull v Pineville Banking Co., 97 Ky., 154, 17 R., 38, 30 S. W., 203, 53 Am. St. Rep., 409.

Judgment affirmed.