GRACE PADGETT, Administratrix, Appellant, v. BANK OF MOUNTAIN VIEW, Respondent.

Springfield Court of Appeals, February 7, 1910.

1. **PRACTICE: Instructions: Must be Confined to Issues Pleaded.** Where the petition alleges fraud and conspiracy on the part of the defendant to prevent the collection of certain notes held by it for collection by inducing the maker not to pay them, so that a deed of trust could be foreclosed, the plaintiff should be held to stand upon that proposition, and it was proper to instruct on the issue of fraud, and to refuse to instruct the jury on the theory that defendant had converted the notes.

2. **BANKS AND BANKING: Right of Bank to Apply Deposit on Matured Debt of Depositor.** Ordinarily, during the lifetime of the depositor, the relation existing between a bank and a depositor is that of debtor and creditor, and a bank

holding a matured obligation of a depositor may use his money on deposit to pay this obligation.

3. ————: ————: Effect of Death of Depositor on Application of Subsequent Deposits. Where money belonging to a depositor is received by a bank after the death of the depositor, it holds the same as a trustee, and does not have the right to apply the deposit to the payment of a debt due from the depositor's estate, but must turn the same over to the administrator; and to collect its debt, the bank should probate its claim against the estate and take its chances with the other creditors.

4. ————: ————: ————. During the lifetime of the depositor, who is also a debtor of the bank, the bank has the right to offset its debt against the deposit, but the death of the depositor closes the account between them, and while the bank could strike the balance as of the date of the depositor's death, and could credit any money then on deposit on any obligation which it then held against the depositor, it could not take into consideration any items accruing to the estate after the depositor's death.

5. ————: ————: ————: Effect of Depositor's Death on His Direction as to the Application of Deposits. Even though a depositor before his death may have directed that money coming from a certain source should, on deposit in the bank, be applied on the payment of a debt due the bank from the depositor, this direction not amounting to a contract, the force or authority thereof cannot continue, and apply to deposits made after the death of the depositor; for to uphold it after the depositor's death would be to give it the force and effect of a will, which cannot be done.

6. EXECUTORS AND ADMINISTRATORS: Executor Cannot Pay a Debt Without Order From Probate Court. Where funds belonging to the estate of a decedent are deposited in a bank after the decedent's death, the administrator cannot apply the money to the payment of a debt due the bank without an order of the probate court directing him so to do.

7. ————: Suit for Conversion of Deposit: Burden of Proof. In a suit by an administrator against a bank to recover money that had been deposited in the bank for the estate, it was error to instruct the jury that the burden was upon the plaintiff to prove that the defendant had received the money and, in addition thereto, that it had converted the money to its own use or applied it wrongfully. The rule is that if defendant received the money, it should be required to show a proper disposition of it.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

*O. L. Haydon* and *W. P. Campbell* for appellant.

(1)  A mere power uncoupled with an interest dies with the grantor; and the interest that will cause the power to survive the death of the grantor must be an interest or title in the thing, which interest or title is conveyed with the power, and not left to be conveyed afterwards with the exercise of the power. Hunt v. Rousmanier, 8 Wheat. (21 U. S.) 174; Gardner v. Bank, 10 L. R. A. 45.  (2)  Where a bank applies deposits for other purposes than those designated in the contract, it becomes guilty of wrongful conversion. 4 Lawson Rights & Rem., 2913, 2975, secs. 1700, 1736; De Tiltner v. Fuller, 1 Mill. Const. 117, 69 Am. Dec. 616; Stewart v. Davis; 31 Ark. 318, 25 Am. Rep. 574; Wanamaker v. Brown, 36 Md. 42; Northrup v. McGill, 27 Mich. 234; Brinnare v. Stillwagon, 41 Mich. 54; 4 Cyc. 126 note.  (3)  It was an undisputed fact that the defendant received the money mentioned in the second count of the petition and applied it to its own use, and it was error to submit the same to the jury as an issue of fact. Gaw v. Bingham, 107 S. W. 931.  (4)  The demands sued on accrued to plaintiff since the death of her intestate, and a debt due defendant from the intestate cannot be used as a set off. Woodward & Thornton v. McGaugh, 8 Mo. 20; Lee's Admr. v. Lee, 21 Mo. 531.

*J. P. Swaim* and *M. E. Morrow* for respondent.

(1)  There is no principle of law more firmly settled in Missouri than that which holds that the relation between a bank and its depositor is that of debtor and creditor and not bailor and bailee. Knecht v. Savings Institution, 2 Mo. App. 563; Bank v. Tutt, 5 Mo.

App. 342; Muench v. Bank, 11 Mo. App. 144; Bank v. Schneidermeyer, 62 Mo. App. 179; Sparrow v. Bank, 103 Mo. App. 338; O'Grady v. Bank, 106 Mo. App. 366; Investment Co. v. Bank, 96 Mo. App. 125; Arnold v. Bank, 100 Mo. App. 474. (2) In suits by administrators, debts against their intestates may be set off by the defendant. Knecht v. Bank, 2 Mo. App. 563; Stiles v. Smith, 55 Mo. 363; Lay v. Bank, 61 Mo. 72; Green v. Conrad, 114 Mo. 651; R. S. 1899, sec. 4489. (3) It was not error to instruct the jury that the burden of proving fraud rested upon him who charges it. Desberger v. Harrington, 28 Mo. App. 632; State ex rel. v. Hope, 102 Mo. 410; Heffernan v. Ragsdale, 199 Mo. 375; Shoes Co. v. Miller, 53 Mo. App. 640; Jackson v. Wood, 88 Mo. 76; Taylor v. Crockett, 123 Mo. 300; Priest v. Way, 87 Mo. 16.

STATEMENT.—The petition in this case contains four counts. In the first count it is alleged that defendant received fifty dollars on deposit from the deceased, P. L. Padgett, on the 29th day of January, 1908, and has converted the same to its own use.

In the second count it is alleged that a deposit of ninety dollars was made by one Roark, one-half of which was to be paid to the deceased Padgett when payment was due on the 7th day of March, 1908, and payment has been refused of this amount.

In the third count it is alleged that deceased Padgett, as a real estate broker, had sold some land for one A. M. Winner to one Thomas Showers, and that out of deferred payments on said land Padgett was entitled to a commission. That Showers had executed notes to Winner. These notes were left with defendant bank and were paid after the death of Padgett, and when paid, Winner had directed the payments of two sums of fifty dollars each to Padgett. That only one had been credited to the estate, and demands judgment for the other fifty dollars.

In the fourth count it is alleged that in the lifetime of Padgett he sold some land to one L. M. Vaughn, and he and Vaughn entered into a written contract by which it was agreed that Vaughn was to make payments upon such lands as follows:

$60.00 payable on the 15th day of October, 1907. 13 other notes for fifty dollars each, payable at intervals of three months apart, all of which were to bear interest from July 15, 1907.

That after the death of Padgett, the bank received twelve of these notes for collection. That it did collect one note of $50 and has refused to account for the same, and that as to the other notes, the bank had conspired with one W. M. Robbins and had induced Vaughn to refrain from paying the other notes with the fraudulent purpose of allowing a deed of trust then on the land to be foreclosed, and prevent the estate of Padgett from collecting said notes, and that, in consequence thereof, Vaughn was induced to, and did, refuse to pay the other notes and the notes of Vaughn became worthless and were lost to the estate and asks for judgment on this count in the sum of $600.

The answer is a general denial as to the first two counts. As to the third count, admits the receipt of the $50 as therein alleged, and further alleges that the money was credited on a note held by the bank against Padgett, on which it had been instructed by Padgett during his lifetime, and also by this plaintiff, to credit the money so paid. Answer to the fourth count is a general denial, except that it admits receipt of the notes for collection and alleges that it was agreed that when collected, the money should be applied in payments of notes executed by Padgett and that the $50 collected was so applied. Denies the allegation of fraud and alleges due diligence in its effort to collect the notes, and that the failure to collect them was due to Vaughn's insolvency.

The evidence offered by plaintiff tended to prove

the facts alleged in each count of its petition. At the close of the testimony the plaintiff asked instructions upon the theory that none of the money received by the bank, after the death of Padgett, could be credited on any obligation of Padgett's to the bank. These were refused, and this is now assigned as error. They also asked instructions, under the fourth count of the petition, upon the theory that the acts of the bank in inducing Vaughn to desist from further payments on his notes amounted to a conversion of the notes. The court modified the instruction and based the ground of recovery, if at all, on the theory of fraud in inducing Vaughn not to pay his obligations. This is now assigned as error. The verdict was for the defendant.

COX, J.—As to the question of conversion of the notes upon which plaintiff sought to go to the jury under the fourth count of its petition, it is sufficient to say that in that count of his petition he does not allege a conversion, but charges fraud, and having done so, must be held to stand upon that proposition, and the court did not err in submitting the issues under that count of the petition upon the question of fraud. There is, however, an allegation in this count that the defendant bank received from Vaughn, after the death of Padgett, $50 and that the bank credited this money upon a note which they then held against Padgett. As to this particular item, there seems to have been no instruction asked and none given. As to this item, as will appear later, the plaintiff was entitled to recover, and the credit by the bank, upon the note they held against Padgett, of this money was unauthorized. We hold, however, that as to the issue of fraud alleged in the fourth count of the petition, that issue was properly submitted to the jury, and as far as that part of the judgment is concerned, it will be affirmed.

As to the one item of $50 in the fourth count, and

as to all the items in the first three counts of the petition, the case seems to have been tried on the theory that Padgett was a depositor of the bank (though this fact was not pleaded), and, therefore, the bank had the right, upon receipt of money coming to Padgett, or to his estate, to credit it upon obligations they held against Padgett, and could not be required to pay it to the administratrix. In this, we think the trial court was wrong. It is true that ordinarily the relation existing between a bank and its depositors is that of debtor and creditor, and the bank holding a matured obligation of a depositor may use the money on deposit to pay this obligation, but in this case it will be noted that the money claimed in the second and third counts of this petition was money paid into the bank after the death of Padgett, or if it were on deposit in the bank prior to his death, it did not become payable to him until after his death. This being true, the money was never received by Padgett, but was an asset accruing to the administratrix after the death of Padgett, and the defendant could not use this money to pay an obligation which it held against the estate, but should have turned it over to the administratrix, probated its claims against the estate, and taken its chances with the other creditors upon their payment. [Woodward v. McGaugh, 8 Mo. 122; R. S. 1899, sec. 4489.]

During the life of Padgett, the bank had the right to offset one claim against the other, but Padgett's death closed the accounts between them and while the bank could strike the balance as of the date of Padgett's death, and could credit any money then on deposit on any obligation which it then held against Padgett, it could not take into consideration any items accruing to the estate after Padgett's death. [Knecht v. U. S. Savings Institution, 2 Mo. App. 563; Union Bank of Quincy v. G. D. Tutt, 5 Mo. App. 342, l. c. 346; R. S. 1899, sec. 195.]

The dealings between the bank and the estate after

Padgett's death must of necessity have been with the administratrix. The funds coming into the bank, after the death of Padgett, could not be treated by it as a deposit made by Padgett in his lifetime, but as to this money the bank was a trustee only, and it was its duty to pay it over to the administratrix and it was her duty to hold it for the benefit of all the creditors of Padgett. She could not use this money to pay an obligation of Padgett's to the bank without an order of the probate court directing her to do so, and the bank could not do for her what she could not do for herself.

It will avail defendant nothing to say that Padgett had in his lifetime directed that part of this money, when collected, should be credited on his note to the bank. This, if true, was not a contract, but a mere direction as to the appropriation of the money, and to permit the bank to so appropriate this money after the death of Padgett would be to give to this direction of Padgett's as to the disposition of this money, the force and effect of a will which cannot be done.

The court, at the request of defendant, instructed the jury, in effect, that the burden was upon the plaintiff to prove that the defendant had received the money, and in addition thereto, that it converted the money to its own use or applied it wrongfully. This was error. If defendant received the money, it should be required to show a proper disposition of it.

Judgment will be affirmed as far as the action for damages for fraud of the bank is concerned, and will be reversed and remanded as to the other issues involved in the case. All concur.