## MRS. NANCY E. CONQUEST v. BROADWAY NATIONAL BANK.

### (*Nashville.* December Term, 1915.)

1. **BANKS AND BANKING.** Depositors. Relation between bank and depositor.

The relation between bank and depositor is that of debtor and creditor, so that, where at the time of the death of a depositor the bank holds his note, it may set off the amount thereof against his deposit, though the note is not yet due, regardless of whether the bank's right be regarded as a lien or not. (*Post, p.* 21.)

Cases cited and aproved: Harris v. Bank, 110 Tenn., 249; Wagner v. Bank, 122 Tenn., 164; Nashville Trust Co. v. Bank, 91 Tenn., 350.

2. **BANKRUPTCY.** Banks and banking. Depositors. Relation between bank and depositors.

The same right extends to the bank as against the assignee for the benefit of creditors of the depositor or against his trustee in bankruptcy. (*Post, p.* 21.)

Case cited and approved: New York County Nat. Bank v. Massey, 192 U. S., 138.

3. **BANKS AND BANKING.** Depositors. Relation between bank and depositors.

The same right extends in case of insolvency of the depositor to unmatured debts against the administrator of the depositor. (*Post, p.* 22.)

Cases cited and approved: Ford v. Thornton, 3 Leigh (Va.), 695; Knecht v. N. S. Savings Inst., 2 Mo. App., 563; Mathewson v. Strafford Bank, 45 N. H., 108; Camden Nat. Bank v. Green, 45 N. J. Eq., 546.

134 Tenn. 2.

4. **BANKS AND BANKING.** Relations with depositors. Set-off of debts to bank. Rights of widow.

A bank cannot be deprived of the right to set off against the estate of a decedent depositor the amount of a note held by it against him by the assignment of the deposit to the widow as her year's support, since she claims through her husband. (*Post*, *p.* 22.)

5. **EXECUTORS AND ADMINISTRATORS.** Set-off of unmatured debts. Statutes. Construction.

Shannon's Code section 4137, providing that in all suits by the administrator of any deceased person the insolvency of whose estate has been suggested the defendant may plead a set-off of whatever amount is due him from the decedent, being declaratory only of the previous law, cannot be narrowly construed; so that, while it deals with matured obligations, it does not deny the right to an equitable set-off of an unmatured obbligation against an insolvent estate. (*Post*, *pp.* 22, 23.)

Case cited and approved: Richardson v. Parker, 32 Tenn., 529.

Code cited and construed: Sec. 4137(S.).

6. **EXECUTORS AND ADMINISTRATORS.** Allowance to widow for support. Property subject. "Money on hand or due."

The allowance to the widow under Shannon's Code, section 4020, to be made from moneys on hand or due, or other assets, must be literally construed, so that money on deposit in a bank to which the deceased is indebted, and against which the bank may set off its claim, is not subject to the widow's allowance, not being "money on hand or due." (*Post*, *pp.* 23, 24.)

Cases cited and approved: Johnson v. Henry, 59 Tenn., 697; Bayless v. Bayless, 44 Tenn., 359; Railroad v. Kennedy, 90 Tenn., 187.

FROM DAVIDSON

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —JOHN ALLISON, Chancellor.

JEFF McCARN and ALVIN McCARN, for complainant.

JORDAN STOKES, JR., for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This case comes before us upon an agreed statement of facts which recites:

J. N. Conquest died January 30, 1913, intestate and insolvent, in Davidson county, Tennessee. The complainant, Nancy E. Conquest, is his widow. He also left several children. At the time of Conquest's death he had on deposit in the Broadway National Bank $436.82, and the bank held his note for $400 which was due March 17, 1913.

One W. H. Balthrop qualified as administrator of Conquest's estate, and on February 12, 1913, drew a check on the Broadway National Bank for the amount of this deposit. The bank refused to pay this check, and informed the administrator that it had applied $400 of the deposit to the payment of Conquest's note,

less a small rebate for interest paid in advance. It tendered the balance of about $39 to the administrator, which the administrator declined to accept. Later commissioners were appointed to set apart a year's support for complainant. There was set apart to her by the commissioners as part of her year's support the $436.82 remaining to the credit of her husband in the Broadway National Bank at the time of his death. The complainant then drew her check on the Broadway National Bank for $436.82; but the bank refused payment of this check for the same reason it had declined to honer the check of the administrator.

The widow then filed this suit. The bank answered, and paid into court the balance of the money in its hands belonging to deceased, less the amount of his note, and denied liability for anything else.

The chancellor held that the widow's claim to her husband's balance in the bank was superior to the bank's right of set-off, and rendered a decree in her favor. This decree was affirmed by the court of civil appeals.

The court of civil appeals was of opinion that the bank had no lien on the deposit to secure the indebtedness of deceased to it, and said:

"In the absence of a lien in favor of the bank on such deposit, we are of opinion that the complainant's right, as widow of her deceased husband, which is fixed by the statute, passed for the very purpose of protecting widows and those dependent upon them by giving to them a year's support to enable them to main-

tain themselves and families, notwithstanding the estates of their husbands may be indebted to insolvency, is superior to the bank's right of set-off.''

The case comes before us on petition for *certiorari* filed by the bank.

The relation between bank and depositor is that of debtor and creditor. *Harris* v. *Bank,* 110 Tenn., 249, 75 S. W., 1053; *Wagner* v. *Bank,* 122 Tenn., 164, 122 S. W., 245, 135 Am. St. Rep., 869, 19 Ann. Cas., 483.

The agreed statement recites that Conquest died insolvent. This being so, at the time of his death the bank had the right to set off the note it held on him against his deposit, even though the note was not yet due. This has been settled in Tennessee by the case of *Nashville Trust Company* v. *Bank,* 91 Tenn. 350, 18 S. W., 822, 15 L. R. A., 710.

It is immaterial whether this right of the bank to apply his deposit to the satisfaction of a debtor's obligation be called a lien or not. It is referred to as a lien in *Wagner* v. *Bank,* supra, although in 3 Ruling Case Law, pp. 592, 593, it is said that such right is not, strictly speaking, a lien.

The bank had this right of set-off against the deceased prior to the maturity of his note upon his insolvency appearing, and it would have had such a right against his assignee for the benefit of creditors or against his trustee in bankruptcy. *Nashville Trust Company* v. *Bank,* supra; *New York County National Bank* v. *Massey,* 192 U. S., 138, 24 Sup. Ct., 199, 48 L. Ed., 380.

The weight of authority is likewise to the effect that in case of insolvency of the depositor such a right of set-off with respect to unmatured debts exists against his administrator. 3 R. C. L., p. 593; *Ford v. Thornton,* 3 Leigh (Va.), 695; *Knecht v. N. S. Savings Inst.,* 2 Mo. App., 563; *Mathewson v. Strafford Bank,* 45 N. H., 108; *Camden Nat. Bank v. Green,* 45 N. J. Eq. 546, 17 Atl., 689.

It seems that, the right of the bank to set-off against the administrator being clear, the bank cannot be deprived of this right by the assignment of the deposit to the widow as her year's support. She claims through her husband just as much as the administrator would have done had this suit been brought in his name, and the bank's right of set-off, good against the deceased, is likewise good against any one claiming through the deceased.

Our statute with reference to the administration of insolvent estates provides for the right of set-off as follows:

"In all suits by the executor or administrator of any deceased person, the insolvency of whose estate has been suggested, the defendant may plead a set-off of whatever amount may be due him from the testator or intestate at the time of his death." Shannon's Code, sec. 4137.

This statute has been said to be only declaratory of the previous law. *Richardson v. Parker,* 32 Tenn. (2 Swan), 529. It is not therefore to be narrowly construed. While it deals with matured obligations, it

does not deny the right to an equitable set-off of an unmatured obligation against an estate that is insolvent.

The statute providing for setting apart a year's support to the widow is in these words:

"Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three freeholders unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, monies on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her husband." Shannon's Code, sec. 4020.

It will be noticed that this statute provides that the year's support shall be set apart out of property on hand or due. This provision is literally construed by this court. *Johnson* v. *Henry,* 59 Tenn. (12 Heisk.), 697; *Bayless* v. *Bayless,* 44 Tenn. (4 Cold.), 359. Money on deposit in a bank to which the deceased is indebted, and against which deposit the bank has a right to set off its claim on the deceased, cannot be characterized as money on hand or due, in the sense of the statute, and is therefore not such property as may be assigned to the widow for her year's support.

This conclusion seems inevitable and is sustained by *Railroad* v. *Kennedy,* 90 Tenn., 187, 16 S. W., 113.

It results that the decree of the chancellor and of the court of civil appeals must be reversed, and the complainant's bill dismissed in so far as it seeks to recover of the defendant bank any other sum of money than the excess of the deposit over the note of deceased. This excess having been paid into court by the bank, the suit must be dismissed at the complainant's cost. If anything remains of the money in court after payment of costs, such balance will be paid over to the complainant.