Oleta Fern JETER, Appellant,

v.

The CITIZENS NATIONAL BANK,
Appellee.

No. 4190.

Court of Civil Appeals of Texas.

Eastland.

Sept. 8, 1967.

Rehearing Denied Oct. 13, 1967.

Dell Barber, Colorado City, for appellant.

Wagstaff, Alvis, Charlton & Alvis, Abilene, for appellee.

WALTER, Justice.

The Citizens National Bank in Abilene filed suit against Oleta Fern Jeter, individually and as independent executrix of the estate of G. B. Jeter, deceased, on a note in the principal amount of $14,285.22, dated March 18, 1965, payable to the Bank and executed by her individually and as independent executrix of her husband's estate. It was executed by Mrs. Jeter in renewal of a $15,000.00 note executed by her husband to the Bank on October 14, 1964. Mrs. Jeter filed a general denial and a verified answer asserting the note sued upon was without consideration.

In a non-jury trial, the court rendered judgment in favor of the Bank and against Mrs. Jeter, individually and as independent executrix of her husband's estate. Mrs. Jeter has appealed.

Mr. Jeter died on February 3, 1965, leaving a will appointing his widow independent executrix. At the time of his death there was a balance of $2,425.56 in his checking account.

On March 3, 1965, Mrs. Jeter presented her letters testamentary to the Bank and the bank transferred the balance of Mr. Jeter's checking account to a new account entitled "Estate of George B. Jeter." The note executed by Mr. Jeter contained the following provision:

" * * * the account or accounts of any of the parties hereto in said Bank, including endorsers, guarantors, and/or sureties, may be charged with the amount of this note, including attorney's fees

and earned interest, at any time either before, or after maturity."

Mr. Benson, executive Vice President of the Bank, testified substantially as follows: After the account was transferred, I placed a "Hold" on the account. I did not feel secure on the note and that is the reason I placed the "Hold" on the balance. The Bank refused to pay a check given to the Cross Plains Bank by Mrs. Jeter.

The Bank came to the conclusion that the assets and net worth shown on Mr. Jeter's financial statement were not correct. No evidence was introduced by appellant to the contrary.

■ We find there is evidence to support the court's following findings of fact:

"12. That subsequent to March 5, 1965, Oleta Fern Jeter, acting by and through her duly authorized attorney of record, David Hooper, represented to Bank that if the 'Estate of George B. Jeter' account would be released for use by the Estate, that the said Oleta Fern Jeter would, for the purpose of paying the G. B. Jeter note, execute a new note, both in her individual capacity and as Independent Executrix of the Estate of George B. Jeter.

13. That in reliance upon the assurances of Oleta Fern Jeter, made by and through her attorney of record, David Hooper, that such additional security would be provided, Bank released the funds in such described account; on March 10, 1965, paid the $297.50 check to the Citizens State Bank of Cross Plains, Texas; and thereafter paid assorted checks drawn on such account until the account was reduced to a balance of $2.34, the balance on the date of trial.

14. That in compliance with such agreement, Oleta Fern Jeter did in fact execute a new note individually and as independent Executrix of the Estate of G. B. Jeter, deceased, in the amount of $14,285.22, dated March 18, 1965. Such note was delivered to Bank and Oleta Fern Jeter made payments thereon until September 7, 1965, at

which time the balance of such note had been reduced to $13,240.56; * * *

15. That in reliance upon the defendant's agreement to execute such note and the subsequent execution thereof Bank did waive and forego its right to credit the checking account funds of G. B. Jeter against the face amount of such note; and that the agreement by Oleta Fern Jeter to execute such new note individually was made for the purpose of inducing Bank to waive and forego such right.

16. That, upon execution on March 18, 1965, of the above described note by Oleta Fern Jeter, the note executed by G. B. Jeter on October 14, 1964, was paid; a payment of $14,285.22 was entered on Bank's Direct Liability Ledger Sheet and a zero balance shown; that thereafter Bank looked only to the note of Oleta Fern Jeter for payment of its indebtedness; that such new note completely replaced the G. B. Jeter note."

▮▮▮ If there is any evidence of probative force to sustain the judgment that Mrs. Jeter's note is supported by a consideration, we must affirm the judgment because the burden of establishing that there was no consideration was upon her. Having pleaded no consideration and having failed to secure a favorable finding from the trial court on this defense, her burden before this court is to show that the record conclusively establishes such defense. Stated another way, her burden is to establish that there is no evidence of probative force to support the finding of a valid consideration.

Appellant contends the court erred in holding that the set-off provision of the note, quoted above, created a valid contractual right in favor of the Bank which is enforceable against the personal representative of G. B. Jeter.

▮▮▮ A consideration may be either a benefit to the promisor or a detriment to the promisee. Jones v. Alvin State Bank,

Tex.Civ.App., 332 S.W.2d 124, (no writ history). In Van Winkle Gin & Machinery Co. v. Citizens' Bank of Buffalo (Sup.Ct.), 89 Tex. 147, 33 S.W. 862, the court said:

"The relation of the bank to its depositors is that of debtor and creditor, and its right to offset its indebtedness to the depositor against the indebtedness of the latter to it is of an equitable nature, intended for its protection, and does not depend upon any statute in relation to offsets."

The Supreme Court adopted the opinion of the Commission of Appeals in which it cited and approved the Van Winkle decision in First National Bank of Schulenburg v. Winkler, 139 Tex. 131, 161 S.W.2d 1053. The Bank was authorized to exercise its right of set-off after the death of Mr. Jeter. Traders' National Bank v. Cresson, 75 Tex. 298, 12 S.W. 819, (Sup.Ct.1889). In Browning v. Eiken, 189 Minn. 375, 249 N.W. 573, the court said:

"The right of set-off or application of securities held for the payment of a depositor's indebtedness to a bank exists against the administrator of the debtor's estate. 3 R.C.L. 593 § 221; Little's Adm'r v. City National Bank, 115 Ky. 629, 74 S.W. 699, 103 Am.St.Rep. 349; notes to 19 Am.Dec. 421, and to 111 Am.St.Rep. 422; Smyth v. [George W.] Bates & Co., 112 Or. 160, 228 P. 931, 37 A.L.R. 473; Laighton v. Brookline Trust Co., 225 Mass. 458, 114 N.E. 671, L.R.A.1917C. 129. An agreement that all collateral or property, which may be at any time be held by a bank or be in its possession, may be treated as collateral to any indebtedness owing to the bank, justifies the bank to apply the debtor's deposit account upon his indebtedness, as against the administrator of the debtor's estate. Fisher v. Continental Nat. Bank (C.C.A.) 64 F. 707. The deposit account of Dr. Browning being at the time of his death pledged to the payment of his notes, his death did not terminate or invalidate the agreement."

We hold that there was some evidence of probative force to support the court's judgment that the Bank had a contractual and an equitable right of set-off. We also hold that the Bank's agreement not to exercise its right of set-off against Mr. Jeter's note constituted a valid consideration for the execution of the note by Mrs. Jeter, individually and as independent executrix of the estate.

Appellant contends that certain findings are against the preponderance of the evidence. We have considered all of these points and, after considering the entire record, we find that such findings are not against the weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.