**In re Charley James ELLIS, Jr. and Mary Carol Kirkley Ellis, Debtors.**

**Bankruptcy No. 97–43245.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

July 19, 1999.

Richard A. Pelley, Sherman, TX, for Debtors.

J. Don Gordon, Hynds & Gordon, Sherman, TX, for First National Bank of Van Alstyne.

## OPINION

DONALD R. SHARP, Chief Judge.

NOW before the Court is the Motion Of First National Bank of Van Alstyne For Relief From Automatic Stay (the "Motion"). This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

*FACTUAL AND PROCEDURAL BACKGROUND*

Charley James Ellis, Jr. and Mary Carol Kirkley Ellis (the "Debtors"), initiated the within bankruptcy proceeding by filing a petition for relief under Chapter 13 of Title 11 of the U.S.Code. The Debtors, doing business as Ellis Truck and Auto, operated a commercial trucking business. First National Bank of Van Alstyne ("the Bank") and Ellis Truck and Auto, by and through Charley Ellis, Jr. (the "Debtor"), entered into a Business/Manager Agreement dated September 20, 1996. The Business/Manager Agreement purported to sell the Bank Ellis Truck & Auto's accounts receivable up to the amount of $75,000.00 and allowed the Bank to retain a portion of the sums payable to Ellis Truck & Auto as a reserve in consideration for which the Bank advanced sums to Ellis Truck and Auto. To accommodate the reserve funds, the parties opened an interest bearing savings account, account number 2059710. The term of the agreement had not expired as of the date of the filing of the Debtors' petition. The evidence indicates that as of the date of filing $4,631.69 was on deposit with the Bank in the reserve account. The evidence also indicates that no UCC–1 was filed in accordance with Article 9 perfecting the Bank's interests under the Business/Manager Agreement.[1] The commencement of a bankruptcy proceeding constituted an event of default under the terms of the Debtor's personal guaranties dated August 26, August 28, and December 30, 1996 and the Business/Manager Agreement the effect of which rendered the Debtor's and Ellis Truck and Auto's obligations to the Bank immediately due and payable without notice. (Section 8 of the Business/Manager Agreement; Plaintiff's Exhibit 15). The Bank placed an administrative freeze on the reserve account post-petition pending this Court's ruling on the

---

1. Article 9 of the Texas Business and Commerce Code applies to any transaction which is intended to create a security interest in accounts and to the sale of any accounts. Tex. Bus. & Com.Code Ann. § 9.102(1)(2). See V.T.C.A. § 9.102(b) and *In re Cripps,* 31 B.R. 541 (Bkrtcy.W.D.Ok.1983).

Motion. The Motion seeks the Court's permission to set-off the $4,631.69 in the reserve account (the "Funds") against its claim in this bankruptcy.[2]

American Bank of Texas filed a response to the Motion and the Debtors filed an Objection to the Motion[3]. The Bank filed three unsecured proofs of claim in the proceeding, respectively, in the amounts of $48,105.43, $44,759.74 and $79,394.43 to which no objections were filed. The first of these proofs of claim sets forth the amount the Bank claims as a result of the Business Manager Agreement and the Bank's purchase of the accounts receivable. The other two claims are the result of an indebtedness from Charge Trucking Incorporated a Corporation owned by Debtor and for which he had executed continuing guarantees to the Bank. Individually and cumulatively, the claims exceed the amount of funds in the reserve account on the date of filing of the Debtors' voluntary petition. All three claims were allowed under the terms of the Debtors' confirmed Plan of Reorganization. The Bank claims that the Funds were subject to set-off. The contested matter came before the Court pursuant to regular setting and was taken under advisement following argument to permit the Court's review of the various loan documents and the filing of briefs by the parties.

## DISCUSSION

The issue before the Court is whether the Bank has a right to setoff with respect to the Funds in Account # 2059710 at the Bank. Under the law of the State of Texas, the Bank has a right of setoff against the reserve account. "The relationship of a bank to its general depositors is that of debtor to creditor. *City Nat. Bank of Bryan v. Gustavus*, 130 Tex. 83, 106 S.W.2d 262 (1937). It follows that the bank has the right to set off against an amount on deposit an equal amount of indebtedness owed by the depositor to the bank. *First Nat. Bank of Schulenburg v. Winkler*, 139 Tex. 131, 161 S.W.2d 1053 (1942)." *Sears v. Continental Bank & Trust Co.*, 562 S.W.2d 843, 844 (Tex.1977) [*reh. denied*]. The Texas Supreme Court in *Bandy v. First State Bank. Overton, Texas*, 835 S.W.2d 609 (Tex.1992) [*reh. overruled* Sept. 9, 1992], held that the bank was entitled to offset the certificate of deposit of a probate estate payable both to it and the decedent given a mutual debt and the decedent's estate's/debtor's insolvency. It reasoned that:

> A debtor/creditor relationship is created when a customer opens a general depository account with a bank. Such a bank account constitutes a debt where the bank is the debtor and the customer is the creditor. *Van Winkle Gin & Machinery Co. v. Citizens' Bank*, 89 Tex. 147, 33 S.W. 862, 864 (Tex.1896); *Jeter v. Citizens Nat'l Bank*, 419 S.W.2d 916, 918 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.). When the customer also

---

**2.** The Motion originally sought relief with respect to the accounts receivable in addition to the reserve account; the Bank withdrew its Motion with respect to its interest in the accounts receivable.

**3.** American Bank's response argued that the First National Bank of Van Alstyne had failed to perfect its interest in the accounts receivable and that therefore, it was unsecured as to the accounts which should be brought into the Chapter 13 bankruptcy proceeding. That would certainly appear to be correct based on the evidence this Court has heard in both this case and the Charge Trucking Incorporated case. However, that issue was not a part of the hearing before the Court. First National

Bank of Van Alstyne only sought relief from the stay to allow it to set-off the amount in the reserve account against its claims in this bankruptcy proceeding. The Trustee did not appear in the action and no party has presented the issue of the Bank's right to the proceeds of the accounts receivable. The Bank takes the position in this case, as in the Charge Trucking Incorporated Case, that the transfer to it was a completed sale and that the accounts receivable and the proceeds therefrom are no part of the bankruptcy estate. Although it is clear that the parties to these actions have not necessarily agreed with that position, no party has filed any pleadings challenging that position.

owes the bank money, such as through a promissory note, the bank is the creditor of the customer. It is this mutual debtor/creditor relationship, which occurs when a depositor also borrows money from the bank, that gives rise to the bank's right of setoff. *Van Winkle Gin & Machinery*, 33 S.W. at 864; *Jeter*, 419 S.W.2d at 918; see also *Bottrell v. American Bank*, 237 Mont. 1, 773 P.2d 694, 703 (1989); *Spratt v. Security Bank*, 654 P.2d 130, 135–36 (Wyo.1982); John TeSelle, Banker's Right of Setoff—Banker Beware, 34 OKLA.L.REV. 40, 42 (1981).

*Bandy v. First State Bank, Overton, Texas*, 835 S.W.2d 609, 618–619. The Supreme Court of the State of Texas' reasoning may be applied to the facts in the case before this Court; hence, the Bank has a right of setoff.

■ The right to offset is a protected right under Bankruptcy law. 11 U.S.C. § 553 provides that:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(14), 365(h), 546(h), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

The Court has considered the evidence, argument of counsel and the record in this case. The Court finds that a mutual debt of the Bank to Ellis Truck & Auto in the form of monies on deposit arose before the commencement of the case under this title. The Bank had a claim against the Debtors, doing business as Ellis Truck and Auto, that arose before the commencement of the case and the Bank's proofs of claims were subsequently allowed. The Court further finds that the total amount due to the Bank on the date of filing was not less than the amounts on deposit in the reserve account. Accordingly, the Bank had a right to offset the account under Texas law which right is protected under 11 U.S.C. § 533. Accordingly, this Court is of the opinion that the Bank is entitled to set off the reserve account up to the amount of its allowable claim.

## CONCLUSION

For the foregoing reasons, this Court finds that the Bank has a right of set-off as to the pre-petition Funds in dispute plus interest accrued on same up to the amount of its allowed claim against the estate. Any Funds in the reserve account in excess of the amount of the Bank's allowed claim against the estate constitute property of the Debtors' which is free and clear of liens, claims and encumbrances following the Court's entry of an order confirming the Debtors' Plan of Reorganization.