## G. W. MORRIS V. J. C. GAINES.

### No. 3212.

1. **Statute of Frauds—Promise to Pay Debt of Another.**—That Morris in a contract for purchase of a tract of land in part payment of the purchase money agreed to pay a note of his vendor is not within the statute of frauds. His promise to pay the note of his vendor was also to pay his own debt. Spann v. Cochran, 63 Texas, 240.

2. **Parol Sale of Land—Executory on Both Sides.**—The doctrine is that when a parol contract for sale of land is executory on both sides and there has been part performance. if the vendee seeks specific performance he must show a memorandum of the sale signed by the vendor, and if the vendor seeks to enforce the payment of the purchase money he must prove a promise in writing signed by the vendee.

3. **Same — Part Performance. —** When either party in reliance upon the verbal promise of the other has been induced to do or to forbear to do any act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the contract, equity will enforce a performance. See illustration.

4. **Records of Suit Between Others when Competent.**—When legal proceedings, as a foreclosure and purchase under it, as facts form part of the defense, the record is competent evidence.

APPEAL from Rockwall. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*Stroud & Henderson* and *T. L. Stanfield,* for appellant.— 1. A contract for the sale of land should be made in writing, evidencing the fact of sale, and should be so reasonably definite and certain within itself or by other writing referred to that the contract can be made out as to parties, consideration, and subject matter without resort to parol testimony. Rev. Stats., art. 2464; Johnson v. Granger, 51 Texas, 42; Dial v. Crain, 10 Texas, 444; Peters v. Phillips, 19 Texas, 74; Patton v. Rucker, 29 Texas, 402; Crutchfield v. Donathon, 49 Texas, 691; Norris v. Hunt, 51 Texas, 609; Fulton v. Robinson, 55 Texas, 401; Hill v. Frost, 59 Texas, 25.

2. In order to charge the plaintiff and take the case out of the statute of frauds it would have been necessary, so far as the Whitcomb note was concerned, that the undertaking should have been an original one and the defendant discharged from payment of said note. Bason v. Hughart, 2 Texas, 476; Smith v. Montgomery, 3 Texas, 204; Warren v. Smith, 24 Texas, 484; Hill v. Frost, 59 Texas, 25; Spann v. Cochran, 63 Texas, 240.

3. The part of plaintiff's petition describing the note sued on in another and different suit could not be considered in any other light than as the declaration of the plaintiff in that suit, and could not bind any one. Whart. on Ev., sec. 1156; McDow v. Rabb, 56 Texas, 154; Carleton v. Baldwin, 27 Texas, 572; Fox & Bro. v. Willis & Bro., 60 Texas, 373; Jackson v. Deslonde, 1 Posey's U. C., 374.

4.   Under our statute of frauds a parol sale of lands will not be enforced except where the vendor has been placed in possession and placed valuable improvements on the land or paid the purchase money. Rev. Stats., art. 2464; Hibbert v. Aylott, 52 Texas, 530; Fulton v. Robinson, 55 Texas, 401; Whitsell v. Miller, 1 Posey's U. C., 203.

*W. C. Edwards* and *Word & Charlton,* for appellees.

GAINES, ASSOCIATE JUSTICE.—The appellant brought this suit to recover of appellee a sum due upon a promissory note, and to enforce a vendor's lien upon a tract of land.   The defendant, the appellee here, pleaded in reconvention, alleging that he had sold to the plaintiff by a parol contract a parcel of land in the town of Rockwall, for which the latter had agreed to pay the sum of $1000, as follows:   He was to pay off a certain promissory note given by the defendant to one Whitcomb for a part of the purchase money of the lot upon a previous sale by Whitcomb to defendant, and the balance of the $1000 on the 1st day of November, 1889; that plaintiff had paid $420.50 in full discharge of the note for $340, but that the sum of $579.60 was still due him and was unpaid.   He tendered a deed to the plaintiff to the lot, and prayed for a judgment for the amount still due him, less the amount of the note sued on by plaintiff, and asked for a foreclosure of the vendor's lien. Upon the trial he obtained a judgment according to the prayer of his petition, and the plaintiff now appeals.

The plaintiff's cause of action was admitted upon the trial.   The defendant proved by his own testimony the contract with the plaintiff as alleged in his plea in reconvention; and further testified, that the plaintiff paid Whitcomb $140 upon the note, but declined to pay the balance on account of some difficulty about the title until the lot should be sold and bought in under Whitcomb's lien, and proposed that this should be done in order to perfect the title; that he consented to this arrangement and accepted service of a citation in a suit brought by Whitcomb to enforce his lien; that judgment was rendered and the lot sold and bought in by the plaintiff for the sum of $280.50, an amount sufficient to discharge the balance of that note.   He also testified, that after his contract with the plaintiff he put him in possession of the lot, and that he had ever since continued to hold possession of the property.

The plaintiff also testified in the case, and in effect admitted the sale of the lot to him by the defendant upon the terms alleged.   He, however, denied having been a party to the agreement for the foreclosure of Whitcomb's lien by the judgment of the court, and asserted in effect that before the foreclosure sale he had determined not to carry out the contract with the defendant, and that he bought the property at that sale on his own account.

The plaintiff objected to the testimony of the defendant in reference to his promise to pay the note held by Whitcomb, upon the ground that "if said agreement was ever made it was a promise to pay the debt of another, and was not evidenced by any memorandum or contract in writing signed by the plaintiff Morris, the party to be charged."

The court correctly overruled the objection and admitted the evidence. The consideration for the lot was $1000, a part of which the plaintiff promised to pay Whitcomb in satisfaction of a debt due the latter by defendant. This, it is true, was a promise to pay the defendant's debt, but it was also a promise to pay in part the plaintiff's own debt. That such a promise is not within the statute of frauds has been decided by this court. Spann v. Cochran, 63 Texas, 240.

But the case presents a more serious question growing out of the statute of frauds. The court charged the jury in effect to find a verdict for the defendant, if the defendant by a verbal agreement sold the plaintiff the lot and the plaintiff verbally promised to pay him $1000 in consideration of such sale. The charge is assigned as error. In Crutchfield v. Donathon, 49 Texas, 69, it was held that the payment of the promissory note of the vendee given for the purchase money of land could be enforced by the vendor, although there was no memorandum of the agreement to convey signed by the latter. This ruling is in accordance with the great weight of authority, and is based upon the construction that the statute requires only that the memorandum or promise shall be signed by the party who is sought to be charged in the particular case. But in the opinion in the case just cited the court say: "When the action is brought by the vendor upon the contract of sale and the contract is verbal and executory on both sides it can not be maintained, although the vendee tender a deed." Brock v. Jones, 8 Texas, 78; Browne on Frauds, sec. 115. The announcement of the proposition was not necessary to the decision of that case, but the doctrine is undoubtedly correct. The case of Brock v. Jones, supra, is in point. The doctrine is that when the contract is executory on both sides and there has been no part performance, if the vendee seeks specific performance he must show a memorandum of the sale signed by the vendor; and if the vendor seeks to enforce the payment of the purchase money he must prove a promise in writing signed by the vendee. The charge of the court was erroneous, and requires a reversal of the judgment.

The defendant can not recover upon the case made in his plea in reconvention. But should he amend and establish the facts to which he testified upon the trial he would be entitled to a judgment. The part performance to take a case out of the operation of the statute must be by the party who seeks to enforce the contract. The taking possession and making valuable improvements by the vendee will as a general

rule entitle him to a decree of specific performance (Ann Berta Lodge v. Leverton, 42 Texas, 18); and it was held at a very early day in the English courts that delivery of the possession by the vendor was a sufficient part performance on his part to enable him to recover the purchase money. Pike v. Williams, 2 Vern., 455; Earl of Aylesford's case, 2 Stra., 783. This rule seems to have been very generally recognized since that time. Pome. on Spec. Perf., sec. 118. Whether it be inconsistent with the principles announced in Lodge v. Leverton, supra, we need not here decide. The doctrine is well established that where either party, in reliance upon the verbal promise of the other, has been induced to do or to forbear to do any act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the contract, equity will enforce a performance. It is clear, therefore, that if the appellee, because of his reliance upon the original promise of appellant to pay the Whitcomb note and a sufficient sum in addition for the lot to make $1000, was led even passively to permit the lot to be sold under Whitcomb's decree and bought in by the appellant, the statute of frauds is no bar to his recovery of the purchase money.

It is also complained that the court erred in permitting the defendant to read in evidence, over the plaintiff's objection, the petition, judgment, order of sale, and sheriff's return in the case of Whitcomb v. Gaines et al. That suit was founded upon the note which was given by the defendant to Whitcomb for the purchase money of the lot, and which the plaintiff had promised to pay; and it was under the decree and order of sale in that case that plaintiff acquired the legal title to the lot. Under the existing state of the pleadings the evidence was irrelevant and should have been excluded; but if defendant shall amend his plea in accordance with the facts testified to by him it will be material. It will be admissible for the purpose of showing that the plaintiff had acquired the legal title to the land and as a part of proof essential to show that the defendant will be defrauded if not allowed to enforce the contract.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 18, 1891.