### SHANNON et al. v. BUTTERY.

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1911.)

1. VENDOR AND PURCHASER (§ 279*)—LIEN—FORECLOSURE—NECESSARY PARTIES.

In an action to foreclose a vendor's lien on land which the purchaser had conveyed to his wife for life, and upon her remarriage over to any children that might be born, the children were neither necessary nor proper parties, because the title of the vendor was superior to theirs, and because both the purchaser and his wife were still living and the children's estate had never vested by the happening of the contingency on which alone their estate depended.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 778–782; Dec. Dig. § 279.*]

2. VENDOR AND PURCHASER (§ 279*)—LIEN—FORECLOSURE — DEFICIENCY JUDGMENTS—PARTIES.

A vendee, who in part payment for land gave vendor's lien notes thereon and assumed a prior vendor's lien, was primarily liable for the debt, though he had subsequently conveyed to a grantee who did not assume the debt and the owner of such notes may recover a personal judgment against him without foreclosing the lien upon the land, and hence he cannot complain that the omission of his grantees of a contingent remainder as parties to the foreclosure suit would render the land unsaleable and thus subject him to personal liability.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 778–782; Dec. Dig. § 279.*]

3. VENDOR AND PURCHASER (§ 265*)—LIEN—SUBSEQUENT GRANTEES — NOTES — ATTORNEY'S FEES—NOTICE.

A purchaser of land, who gave vendor's lien notes thereon, granted it to his wife by way of gift. The original deed described the vendor's lien notes, but did not recite that they provided for attorney's fees. Held that, while the lien for attorney's fees could not have been foreclosed against an innocent purchaser without notice, the wife, being a mere volunteer, took the land subject to all claims against it, regardless of whether she had notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 700–712; Dec. Dig. § 265.*]

4. FRAUDULENT CONVEYANCES (§ 58*)—GIFTS.

Under Rev. St. 1895, art. 2545, providing that every gift by a debtor shall be void unless he be possessed of property within the state subject to execution sufficient to pay his debts, a gift of land subject to vendor's lien notes given by the vendee is void as to the holder of the notes, in the absence of a showing that the purchaser had property remaining after the conveyance, sufficient to pay his debts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 144–147; Dec. Dig. § 58.*]

5. VENDOR AND PURCHASER (§ 285*)—LIEN—FORECLOSURE—JUDGMENT.

In an action to foreclose a vendor's lien, where the purchaser had granted his wife a life estate in land, and there was no showing as to the value of the wife's estate, the judgment ordering a sale was not erroneous for failing to order a part of the surplus proceeds, if any, to be paid to the wife, and, having ordered the excess, if any, to be paid to the purchaser or "those claiming under him, if any," it will be reformed by striking out the quoted provision.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 285.*]

6. HUSBAND AND WIFE (§ 25*) — MUTUAL RIGHTS—HUSBAND AS AGENT OF WIFE.

A husband, being the agent of his wife, is entitled to receive and receipt for her share in the surplus proceeds of sale of land sold under foreclosure.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 148–154; Dec. Dig. § 25.*]

7. COSTS (§ 238*)—ON APPEAL—PARTIES ENTITLED.

In an action for the foreclosure of a vendor's lien upon land in which several parties had estates, where the recitals in the judgment disposing of the excess, if any, were erroneous, but the error was not called to the attention of the trial court by a motion to correct the judgment, the defendants, though successful on appeal in having the judgment corrected, will not be adjudged any costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from District Court, Runnels County; John W. Goodwin, Judge.

Action by W. P. Buttery against H. A. Shannon and others. From a judgment for plaintiff, defendants appeal. Reformed and affirmed.

Stone & Wade, for appellants. H. W. Bigler, for appellee.

JENKINS, J. H. A. Shannon purchased a tract of land for the recited consideration of $9,000, of which $6,000 was paid in cash, and for the remainder he assumed the payment of a vendor's lien note against said land for $1,400, and executed his three promissory notes for the sum of $533.33 each. These notes recited that they were executed for the purchase money of the land conveyed to Shannon, and that they bore interest from date, and provided for 10 per cent. attorney's fees for collecting the same. The deed from Shannon correctly described said three notes as to amounts and otherwise, except that it made no mention of the attorney's fees. Appellee Buttery became the owner of the four notes mentioned and of the vendor's lien retained in said deed. H. A. Shannon deeded a life estate in the land in question to his wife, Mrs. A. W. Shannon, which deed recited that the same was to "Mrs. A. W. Shannon during her lifetime, if she never remarries, but in case she ever remarries, then the interest herein conveyed and not theretofore sold by her, shall be equally divided between her and my two children, to wit, Sam A. Shannon and Nora E. Shan-

non, and any other children that may hereafter be born to us, share and share alike." This deed makes no reference to the outstanding indebtedness against said land. It recites a consideration of "$5.00 cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration of my love and affection for the said Mrs. A. W. Shannon as my wife." Appellee brought suit to recover principal, interest, and attorney's fees of said four notes against the said H. A. Shannon and also to foreclose the vendor's lien as against Mrs. A. W. Shannon and the said children, Sam A. and Nora E. Shannon. When this case was called for trial, appellee dismissed as to the said Sam A. and Nora E. Shannon. Judgment was rendered for appellee for the full amount of said notes, interest, and attorney's fees, and for foreclosure of vendor's lien on same.

[1, 2] 1. Appellants complain of the action of the court in permitting appellee to dismiss as to Sam A. and Nora E. Shannon. In this there was no error. They had no interest in the land; the contingency upon which they were to have a half interest in the life estate not having occurred. Besides this, whatever interest might have accrued to them would have been taken subject to the superior title in the vendor until said land was paid for. They were not necessary parties to this suit, and we do not think that they were proper parties. It seems that the ground of appellants' complaint as to this assignment is "in dismissing his suit as against the owners of said remainder interest, and, in failing to foreclose his lien as against them and their interest in the land, the plaintiff impaired the value of his security, and rendered the same practically unsaleable, inasmuch as the intending purchaser at the sheriff's sale would not obtain complete title thereto, and this appellant therefore should not be bound personally for any balance due after the sale of said land, which is primarily liable for the debt, and this appellant being, under the circumstances, only secondarily liable therefor." It is not true that appellant H. A. Shannon was not primarily liable for the debt. Appellee might have sued him and recovered personal judgment against him for the debt, without foreclosing his lien on the land. Mrs. Shannon and the said children did not assume payment of said debt or any part thereof.

[3] 2. The court did not err in foreclosing the lien against said land as to the attorney's fees for the three notes hereinbefore mentioned. Had Mrs. Shannon been a purchaser for value, the deed not reciting that said notes were executed for attorney's fees, the lien could not have been foreclosed against her as to said attorney's fees, in the absence of actual notice as to the same. To this extent she would have been an innocent purchaser. Dalton v. Rainey, 75 Tex. 516, 13 S. W. 34; Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809. But this doctrine does not apply in this case, for the reason that Mrs. Shannon was not a purchaser for value. The recitation in the deed of the nominal consideration of $5 (it appearing in the recitation in the deed to H. A. Shannon that the land was worth $9,000) does not make her a purchaser for value, but, as shown by the recitation in the deed to her, the same is a gift from the husband to the wife, and the real consideration is love and affection. She, being a volunteer, took the land subject to all claims against the same, without reference to whether or not she had knowledge as to such claims.

[4] And it not appearing that H. A. Shannon at the time of the gift to his wife was possessed of property within this state, subject to execution, sufficient to pay his debts, said deed of gift was void as against the debt herein sued on. Article 2545, R. S. 1895; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033.

[5] 3. Appellants complain of the judgment herein, in that it provides that, if the property shall sell for more than sufficient to satisfy the judgment against H. A. Shannon, "then the said officer is hereby directed to pay over the excess to the defendant H. A. Shannon, or to those claiming under him, if any." This leaves it uncertain as to whom the excess, if any, should be paid, and to this extent the judgment is erroneous, and is here reformed, so that the same shall read that the excess, if any, shall be paid to H. A. Shannon. It is the contention of appellees that the judgment should have directed the officer to pay a portion of said excess, if any, equal to the proportional value of Mrs. Shannon's life estate to her. No evidence was offered as to the value of said life estate; and consequently the court could not have directed what, if any, portion should be paid to her.

[6] Besides this, the husband, H. A. Shannon, is the agent of his wife, and would have a right to receive and receipt for said excess, as such agent, had the judgment directed that it should all be paid to her. In thus reforming this judgment, and directing that the excess shall be paid to H. A. Shannon, we do not pass upon the rights of Mrs. Shannon as against her husband to receive said excess or a portion thereof as her separate estate. No such issue is made by the pleadings or the evidence in this case.

[7] The amendment made in the judgment does not affect the appellee herein, it is immaterial to him to whom the excess, if any, shall be paid, and had appellants desired said judgment should determine said matter, or that it should be corrected on account of its uncertainty, it was their duty to have filed a motion in the trial court to correct the judgment; they alone being interested in this matter. Had the attention of the trial court been called to this, there is no doubt that such correction would have been made. No such motion was made, and it does not

appear that the trial court's attention was called to this portion of the judgment, for which reason we will not adjudge any of the costs of this appeal against appellee.

The judgment in this case will be here reformed as indicated in this opinion, and as reformed is affirmed.

Reformed and affirmed.