## BONE v. SMITH et al.

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1914. Rehearing Denied March 21, 1914.)

1. FRAUDS, STATUTE OF (§ 18*)—PROMISE TO PAY DEBT OF ANOTHER — ASSUMPTION OF DEBT IN CONSIDERATION OF PURCHASE OF PROPERTY.

An oral promise by the vendee of land to assume a note given by the vendor as payment for the land is not within the statute of frauds as a promise to pay the debt of another, since, though it is a promise to pay the debt of another, it is also in part a promise to pay the vendee's own debt.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 27–31; Dec. Dig. § 18.*]

2. APPEAL AND ERROR (§ 1010*)—REVIEW—FINDINGS OF FACT—CONCLUSIVENESS.

Where a deed conveying property was mailed by the vendors to the vendee and kept by the vendee for about five months and until after suit was filed, the question of delivery and acceptance of the deed was one of fact upon which the finding of the trial court, if sustained by evidence, cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. § 1010.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by Morton J. Smith against Fred Bone and others. Judgment for the plaintiff, and defendant Fred Bone appeals. Affirmed.

Crudgington & Works, of Amarillo, for appellant. W. F. Schenck and W. H. Bledsoe, both of Lubbock, for appellees.

HALL, J. This suit was brought by appellee Smith to collect three promissory notes given by appellees W. B. Kieran and wife, Carrie Kieran, said notes being part of the purchase price of three town lots in the city of Lubbock, sold and conveyed by Smith to Carrie Kieran, and prayer was made for foreclosure of the vendor's lien as against the original makers and the appellant. It is urged that Kieran and wife had sold the lots to appellant, and as part consideration therefor appellant had assumed the payment of said notes to appellee. Immediately upon being cited to answer in said suit, appellant filed a disclaimer. Afterwards Kieran and

wife filed their answer and cross-complaint against appellant, praying for citation for appellant on the allegations of the cross-complaint. Appellant in due time answered, denying the alleged sale to him and the assumption by him of the payment of said notes and the delivery to him by Kieran and wife of the conveyance set out. He also pleaded the statute of frauds and failure of consideration. There was a trial without a jury, resulting in a decree in favor of appellee Smith against Kieran and wife for $467.11, and in favor of Kieran and wife and against appellant, Bone, on their cross-complaint for $444.67; the difference between the two amounts being certain interest due on the notes up to the time of the alleged transfer of the property by Kieran and wife to Bone.

[1] Only three questions seem to be presented by the briefs of the parties. One grows out of the plea setting up the statute of frauds, appellant insisting that the notes and deed were inadmissible against him, and the judgment was erroneously rendered against him, because it was not shown that he had promised in writing to assume and pay the notes declared upon, and had never accepted the deed from Kieran and wife. The rule seems to be well settled in this state that a parol promise by the vendee of lands to pay the purchase money on a debt due by the vendor is not within the statute of frauds, since, though it is a promise to pay the debt of another, it is also in part a promise by the vendee to pay his own debt.

It is said in Morris v. Gaines, 82 Tex. 255, 17 S. W. 538: "The plaintiff objected to the testimony of the defendant in reference to his promise to pay the note held by Whitcomb, upon the ground that, 'if said agreement was ever made, it was a promise to pay the debt of another, and was not evidenced by any memorandum or contract in writing, signed by the plaintiff, Morris, the party to be charged.' The court correctly overruled the objection, and admitted the evidence. The consideration for the lot was $1,000, a part of which the plaintiff promised to pay Whitcomb in satisfaction of a debt due the latter by defendant. This, it is true, was a promise to pay the defendant's debt, but it was also a promise to pay in part the plaintiff's own debt. That such a promise is not within the statute of frauds has been decided by the court. Spann v. Cochran, 63 Tex. 240."

In Pickett v. Jackson et al., 42 S. W. 568, it is said: "The first and second assignments of error are that the court erred in rendering a personal judgment against Pickett, because there was no contract between him and plaintiff, and the relation of debtor and creditor did not exist between them, and that the promise alleged was to pay the debt of another, and within the statute of frauds. * * * It is well settled that the alleged undertaking of Pickett was not one

within the statute, and that he became liable thereby for the debt. Morris v. Gaines, 82 Tex. 255, 17 S. W. 538; Monroe v. Buchanan, 27 Tex. 241. We are of opinion, also, that as to Quintinilla he became primarily liable." Beitel v. Dobbin, 44 S. W. 299; Hill v. Hoeldtke, 104 Tex. 596, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Hawkins v. Western National Bank, 145 S. W. 723.

It is further insisted by appellant that the pleadings of Kieran and wife contended for specific performance, and certain objections are made based upon that contention. We do not so construe the pleading. When properly analyzed, it is simply a cross-complaint against appellant, setting up the facts of the transaction between them and appellant and praying that they have judgment against him for any and all sums that plaintiff Smith may recover against them, and for general and special relief.

[2] The only remaining question in the case is one of fact. It is urged by appellant that, although the deed conveying the property from Kieran and wife was received by him through the mail, he had made no contract for the purchase of the land, and did not accept the deed. The evidence shows that he kept it for about five months, and that it was not returned until after the suit was filed. This question of fact is the one over which the contention during the trial was the strongest, and the record contains a great deal of evidence for and against appellant upon the issue. No good purpose could be served by setting it out here. It is sufficient to state that there is ample testimony to sustain the court in his finding that the deed was accepted, and we are not at liberty to review his holding. The presumption that a party will accept a deed because it is beneficial to him, it is said, will never be carried so far as to consider him as having accepted it. 4 Kent, Com. 454; Hulick v. Scovil, 4 Gilm. (Del.) 159. But possession of a deed by the grantee raises a presumption of its due delivery. Chandler v. Temple, 4 Cush. (Mass.) 285; Trust Co. v. Cole, 4 Fla. 359.. This presumption may be rebutted by proof to the contrary. Tuttle v. Turner et al., 28 Tex. 774, 775. "It is also essential to its operation as a conveyance that the deed be accepted by the grantee, * * * but both delivery and acceptance may be established by circumstances. Actual manual delivery need not be shown (Hubbard v. Cox, 76 Tex. 239, 13 S. W. 170; Bunnell v. Bunnell, 111 Ky. 566, 64 S. W. 424, 65 S. W. 607); and any words or acts showing an intention to receive the title will be sufficient to prove an acceptance (Gould v. Day, 94 U. S. 405, 24 L. Ed. 232)." Walker v. Erwin, 47 Tex. Civ. App. 637, 106 S. W. 164.

Under the facts of this record, the question of delivery and acceptance is purely one of fact. Towery v. Henderson, 60 Tex. 291; Huff v. Crawford, 89 Tex. 214, 34 S. W. 606;

Bensley v. Atwill, 12 Cal. 231; Brann v. Monroe, 11 Ky. Law Rep. 324.

Finding no reversible error in the record, the judgment is affirmed.