## HAUSLER v. HARDING-GILL CO. et al.
(No. 7989.)

Court of Civil Appeals of Texas. San Antonio.
April 18, 1928.

Rehearing Denied May 16, 1928.

**1. Contracts ⚖6—"Executed contract" is one performed by both parties, while "executory contract" is one not completely performed on one or both sides.**

An "executed contract" is one where nothing remains to be done by either party, while an "executory contract" is one where something remains to be done by one or more of the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Executed Contract; Executory Contract.]

**2. Contracts ⚖261(4)—Partial failure of performance under contract does not justify other party's rescission, unless object of contract is thereby defeated.**

Partial failure to comply with terms of contract is not ground for rescission by other contracting party, unless such breach involves one of essential terms of contract and defeats its object and aim.

**3. Vendor and purchaser ⚖55—Vendor's breach of agreement in contract for sale of land to clear and plow property held merely breach of subsidiary and severable part.**

Contract for sale of land calling for conveyance by warranty deed furnishing merchantable title to property, "same to be cleared and plowed * * * on or before May 1, 1926," was not of such an entire character that one part could not be separated from another, but failure of vendor to clear and plow land as required was merely breach of subsidiary part of contract.

**4. Contracts ⚖261(4)—Circumstances surrounding breach of part of severable contract are considered to ascertain motive, in determining other party's right to rescission.**

If contract is severable, circumstances surrounding the breach of a part of the contract will be considered to ascertain motives and intention with which breach was made, in order to determine its effect in giving the other party right of rescission.

**5. Contracts ⚖261(4)—Intention to abandon contract on party's partial breach thereof may discharge other contracting party.**

Where contract is severable, motives and intention with which the breach is made are material in order to determine effect in giving the other party right of rescission, and breach by one party may discharge other party, if it indicates intention or desire to abandon the contract.

**6. Cancellation of instruments ⚖10—Vendor and purchaser ⚖118—Purchaser in default held not entitled to rescind land contract for failure of vendor to clear land within time required; legal remedy being adequate.**

Purchaser of property *held* not entitled to rescind on ground of vendor's failure to clear

and plow land within time required by purchase contract, where vendor showed desire to comply and subsequently performed contract, and purchaser defaulted in making payments, since purchaser had adequate remedy at law and contract was severable.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Suit by Hubert Hausler against the Harding-Gill Company, in which defendants asserted a cross-action. From a judgment for defendants, plaintiff appeals. Affirmed.

Stevens & Stevens, of Houston, for appellant.

Davis E. Decker, of Raymondville, for appellees.

FLY, C. J. This is a suit instituted by appellant to rescind a certain contract of sale of 40 acres of land, being lot 8 in block 26 of the Missouri-Texas Land & Irrigation Company's subdivision of the Las Mestenas grant in Hidalgo county; appellees having been defendants in the lower court. The suit was instituted in Fort Bend county, where appellant resided, but was transferred on a plea of privilege to Willacy county, where appellees resided. The cause was heard by the court and judgment rendered denying a rescission of the contract, and judgment on a cross-action by appellees on purchase-money notes executed by appellant was rendered against appellant, and a lien foreclosed on the land.

The contract for sale of the land was made by the parties on January 12, 1926, and recited:

"That party of the first part hereby sells to party of the second part, and agrees to convey or cause to be conveyed to him by the holder of the legal title, by warranty deed, furnishing abstract showing merchantable title thereto, the following described property * * * containing forty (40) acres, same to be cleared and plowed at the expense of Harding-Gill Company on or before May 1, 1926."

Appellees also bound themselves to execute a deed to appellant "to one thirty-second interest to a tract of land forty feet square, on which will be drilled an artesian well, and a windmill and concrete tank constructed and water piped from same at the expense of Harding-Gill Company."

The consideration agreed to be paid by appellant was $5,200 evidenced by six promissory notes, all dated January 12, 1926, one for $650, due September 1, 1926, one for $650, due November 1, 1926, and one for $1,300, due January 1, 1927. The balance was secured by three notes, one for $2,000, one for $200, and one for $400, all due December 28, 1930, and all the notes bore 6 per cent. interest. The land was not cleared and plowed on or before May 1, 1926. Appellant sought to get rid of the contract in February and so wrote appellees. He gave no attention to the land

and neither went himself nor sent any one to see the land until in June, when he heard that a crop of cotton had been planted on the land. About the middle of June his son went down to see about the crop on the land. Through him appellant afterward learned that the land had not been cleared and plowed, and on August 29 he wrote to appellees, expressing his unwillingness to pay for the land because it had not been cleared and plowed, on or before May 1. Appellant said he bought the land for speculation, and that in July or August because the contract had not been complied with "for one thing," and the "other thing" was that a Mr. Johnson did not sell it for him for $150. He evidently desired to get rid of the contract in February. He sent his son down in June to see about the land, and he swore: "I was tickled when I found out it had not been cleared; sure I was tickled."

[1] The sale contract was an executory contract. No money was paid and no deed was executed. Both parties had certain acts to perform before the contract became executed. An executed contract is one where nothing remains to be done by either party, while an executory contract is one where something remains to be done by one or more of the parties. Elliott on Contracts, Supp. 1918, § 15.

[2, 3] It is the rule that every partial failure to comply with the terms of a contract cannot be made the basis of a rescission, but it must be such failure as goes to the vitality of the contract. It must defeat the object and aim of the contract. It is held that, before a partial failure of performance can be the basis for rescission, it must go to the very root of the contract by a breach of one of its essential terms. As said in 6 Ruling Case Law, § 311, p. 926:

"It is, indeed, often quite difficult to determine whether a particular breach of one of the provisions or series of items therein by one of the parties in the course of performance discharges the injured party; but, in the absence of express stipulations to the contrary, it seems to be held generally, at least by the better considered cases, that a breach which deprives the injured party of a benefit of but one of these subsidiary provisions or promises will not, as a rule, relieve him from such further performance as may be due from him under the contract, and he is left to redress his injury by an action for compensation in damages."

The proposition is well supported by decisions of high authority. The contract in this case was not of such an entire character that one part could not be separated from the other, but the failure to clear and plow the land was a subsidiary part easily severable from the body of the contract.

[4-6] It is also the rule that, if the contract is severable, the circumstances surrounding the breach of a part of the contract will be looked to so as to ascertain the motives and intention with which the breach is made, in order to determine its effect in giving the other party the right of rescission. If a breach indicates an intention or desire on the part of the guilty party to abandon the contract, then the breach may operate as a discharge of the other party. Worthington v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382. As said in the case cited:

"The right to claim a discharge of the whole contract depends, not on whether the act constituting the breach was inconsistent with the terms of the contract, but whether it was inconsistent with an intention to be further bound by its terms, or whether the breach was such as to defeat the purpose of the contract."

In this case appellees, at all times, showed a desire to comply with the terms of the contract and fully explained the reason for not clearing and plowing the land by May 1, and as soon as the difficulties surrounding them were removed, the land was cleared of brush and plowed and every item of the contract fully complied with. Not only did appellees place all the grounds for delay before appellant, but they offered to give him all the interest on certain of the notes up to the time when the land was prepared for cultivation. As said in the cited Alabama case, appellant had an adequate remedy at law for all protection to which he was entitled, and he has no right to call upon a court of equity to destroy the contract. Appellant, however, was not seeking protection, but was seeking to destroy a contract that had been a burden to him since he executed it. It "tickled" him when he thought he had discovered an opening for a suit to rescind a contract which had been for months galling and uncomfortable to him.

He filed his suit on September 24, 1926, three weeks after a note executed by him had become due, and which he had not paid. He, too, was derelict in his performance of the contract and he was in no position to pray for the interposition of equity when he had also breached the contract. He should have purified his hands before coming into the presence of the chancellor. He had not terminated the contract by his letter of August 29, but it was still in effect and he was still bound by its terms. The trial court rendered a righteous judgment in compelling him to abide by the terms of a contract voluntarily entered into by him, without being misled by any fraud or deceit or even undue persuasion upon the part of appellees.

The judgment will be affirmed.