## HAUSLER v. HARDING–GILL CO.
### (No. 1035—5225.)

Commission of Appeals of Texas, Section B. March 27, 1929.

Stevens & Stevens, of Houston, for plaintiff in error.

Davis E. Decker, of Raymondville, for defendant in error.

SPEER, J. This case involves the right of plaintiff in error to rescind a contract with defendant in error rather than be forced to his action for damages for a breach thereof. The trial court and the Court of Civil Appeals held that the rescission should be denied because the remedy at law was adequate. 6 S.W.(2d) 445.

The contract was one for the sale of land wherein the defendant in error agreed to sell to plaintiff in error certain land; the contract containing the following stipulation:

"That party of the first part hereby sells to party of the second part and agrees to convey or cause to be conveyed to him by the holder of the legal title, by warranty deed, furnishing abstract showing merchantable title thereto, the following described property: * * * containing forty (40) acres, same to be cleared and plowed at the expense of Harding-Gill Company, on or before May 1, 1926."

The contract further bound the company to convey a one thirty-second interest in another tract of 40 feet square on which was to be drilled an artesian well, and a windmill and concrete tank constructed, and water piped from same, at the expense of the company. The company made default in the clearing and plowing of the land within the time stipulated. But it did drill and equip the well, piping the water to the land as it had agreed to do.

Rescission is entirely of equitable cognizance. Ordinarily a rescission will be denied where the complainant has an adequate remedy affording a full relief at law. In the present case, the contract is entirely executory, and the parties have clearly stipulated that the land was to be cleared and plowed on or before May 1, 1926, and before any payment whatever was to be made by the purchaser. They have thus, to an extent, shown that time was of the essence of the contract. It is not necessary that the breach, to authorize rescission, must have been in toto; a partial breach is sufficient, if it be in respect to a material part. Undoubtedly the clearing and plowing of the entire tract was a material part of the consideration, and the time for its being done has been made a feature of the agreement. Upon default by the company in this respect, plaintiff in error was entitled to rescind, unless there had been a supervening equity that would limit his remedy to an action for damages. As pointed out by the Court of Civil Appeals, it is not every material breach of a contract that will authorize a rescission under all circumstances, but every breach in a material respect of a contract wholly executory will authorize a rescission at the option of the injured party. Here defendant in error has breached the executory contract in a material respect in such a way as necessarily to show that injury which must always be present to authorize a rescission (Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1), and there has been no part performance by the company that would in any wise render it inequitable to grant such relief.

It appears the company has complied with its undertaking to drill an artesian well and construct a windmill and water tank with proper pipe connections to the land in controversy. But it further appears this expense was not incurred by reason of the contract with plaintiff in error, but it is indisputably established that it was a part and parcel of a larger contract carrying out the company's scheme to develop several thousand acres of land, including that sold to plaintiff in error. This contract for drilling wells and supplying water to the tracts had been entered into prior to the deal here under consideration. So that the compliance in this respect cannot be attributed to the requirements of this contract so as to create a supervening equity forbidding rescission. As the case stands, it is as though there had been a complete breach of the sole undertaking of the company. It is governed by the principle applied in Garrison v. Cooke, 96 Tex. 228, 72 S. W. 54, 61 L. R. A. 342, 97 Am. St. Rep. 906, where a subscription was made toward a bonus payable on the construction of a railroad running daily trains on or before a given date. It was held the failure to construct the road and operate the trains by the time agreed upon was a breach in a material respect, and avoided the subscription. While technically that decision was put upon the ground that time was of the essence of the contract, nevertheless we think that where, as here, the contract is wholly executory, and there is a breach in any substantial respect, and in the absence of counter equities forbidding such relief, a rescission may be had.

We therefore recommend that the judgment of the district court and of the Court of Civil Appeals affirming it be reversed, and judgment be here entered in favor of plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both

reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.