## FIRST NAT. BANK IN WELLINGTON v. McCLELLAN.

No. 4908.

Court of Civil Appeals of Texas. Amarillo.

May 23, 1938.

Luther Gribble, of Wellington, and Mahan & Broughton, of Childress, for appellant.

Wilson, Randal & Kilpatrick, of Lubbock, for appellee.

FOLLEY, Justice.

This is the second appeal of this case. The former opinion is reported in Tex. Civ.App., 105 S.W.2d 394. The facts were amply stated in the former opinion and we deem it unnecessary to restate them in full here. The only distinction in the situation that is now presented is that instead of the appellee, Len McClellan, having recovered judgment in trespass to try title for the land involved, as in the former trial, in this second trial he recovered a money judgment against F. O. Smith for the amount of his debt in the sum of $7603.27, and judgment against all of the defendants, including the appellant herein, First National Bank in Wellington, for foreclosure of his lien upon the land in controversy to satisfy his debt as set out in the former opinion.

The land in question was the north one-half of Survey No. 690, Block D, Certificate No. 55 of Yoakum County, Texas. This land was formerly owned by Smith, who being unable to pay the appellee the indebtedness due him upon the land, deeded the land to the appellee in consideration of the cancellation of the indebtedness. At about the same time this deed was executed to appellee, Smith conveyed to Tip Mooney one-half of the mineral rights to the land in question, which interest was afterwards transferred to the appellant bank. The debt due appellee originated several years prior to the sale of the mineral rights by Smith. That the indebtedness due appellee was superior to the interest of the bank is not controverted in this court by the appellant. Regardless of the conveyance from Smith to appellee, the court allowed the appellee, upon the second count of his petition, to foreclose his lien against all the defendants as if the legal title was still in Smith. The appellant makes no complaint in this respect and it is conceded that the appellee was entitled to such equitable relief. The court also decreed that the appellant was entitled to redeem the property from foreclosure by paying the appellee the amount of his debt, subrogating the appellant to the rights of the appellee in such circumstances.

■ Appellant's first proposition in this appeal is that the judgment is erroneous in that it provides that any excess for which the property might be sold under the judgment, over and above the amount

necessary to pay appellee's judgment, should be paid to F. O. Smith. It is true that the judgment has such a provision, but under the facts of this case the court could not have authorized any other procedure. The appellant asked for no relief in its pleadings as to such excess, and sought no recovery against Smith from whom its title to one-half of the mineral rights was originally derived. The appellant purchased such interest with knowledge of the existence of the indebtedness to the appellee. Moreover, there is no allegation or proof in the record as to the value of the mineral rights of the appellant, nor is there any allegation or proof as to what proportion its value bore to the entire properties involved. Furthermore, the appellant made no objection in the trial court to the failure of the judgment to provide that such excess should be paid to the appellant. The assignment in this court is based upon appellant's general exception directed to the judgment as a whole in the trial court. It is immaterial to the appellee herein as to what disposition is made of the excess above the satisfaction of his debt. The issue in this respect was between the appellant and Smith, and in the absence of any affirmative relief sought by appellant against Smith in the trial court, we think the appellant has waived any right that it might have had. This same question has been passed upon adversely to appellant's contention in the case of Shannon et al. v. Buttery, Tex.Civ.App., 140 S.W. 858, 859, in the following language from the opinion:

"Appellants complain of the judgment herein, in that it provides that, if the property shall sell for more than sufficient to satisfy the judgment against H. A. Shannon, 'then the said officer is hereby directed to pay over the excess to the defendant H. A. Shannon, or to those claiming under him, if any.' This leaves it uncertain as to whom the excess, if any, should be paid, and to this extent the judgment is erroneous, and is here reformed, so that the same shall read that the excess, if any, shall be paid to H. A. Shannon. It is the contention of appellees that the judgment should have directed the officer to pay a portion of said excess, if any, equal to the proportional value of Mrs. Shannon's life estate to her. No evidence was offered as to the value of said life estate; and consequently the court could not have directed what, if any, portion should be paid to her.

" * * * In thus reforming this judgment, and directing that the excess shall be paid to H. A. Shannon, we do not pass upon the rights of Mrs. Shannon as against her husband to receive said excess or a portion thereof as her separate estate. No such issue is made by the pleadings or the evidence in this case.

"The amendment made in the judgment does not affect the appellee herein, it is immaterial to him to whom the excess, if any, shall be paid, and had appellants desired said judgment should determine said matter, or that it should be corrected on account of its uncertainty, it was their duty to have filed a motion in the trial court to correct the judgment; they alone being interested in this matter. Had the attention of the trial court been called to this, there is no doubt that such correction would have been made. No such motion was made, and it does not appear that the trial court's attention was called to this portion of the judgment, for which reason we will not adjudge any of the costs of this appeal against appellee."

In conformity with the theory expressed in the second paragraph quoted above from the Shannon case, we do not pass upon the rights of the appellant as against F. O. Smith in the event there is an excess over and above the debt of the appellee from the sale of the property under the foreclosure.

■ The only other assignment of the appellant is that the judgment is erroneous in that it fails to provide that the surface and one-half the minerals should be first sold under the judgment, and if the judgment was not satisfied by such sale the undivided one-half interest in the minerals claimed by the appellant should then be sold.

We think any merit that obtained in this assignment was expressly waived by the appellant in the trial court. In the judgment rendered the court made the following finding:

" * * * The Court finds that the defendant, First National Bank in Wellington, announced in open court that it abandoned that portion of its Answer in which it alleged that the plaintiff should be required, under a Judgment of Foreclosure, first to sell the surface rights

and an undivided half-interest in the mineral rights in and under the property involved in this suit in satisfaction of its judgment before the plaintiff be permitted to sell the remaining undivided half interest in said minerals claimed by said defendant; the Court further finds that the said defendant announced in open court that it was not entitled to that relief and that such portion of its pleadings should not be considered by the court. * * *"

The appellant makes no attack upon this finding of the court and does not assert that the facts recited were not true. It would be highly inconsistent for the appellant to make such an announcement in open court, induce the court to act in accordance with such announcement, and then cite such action by the court as error. If such was error it was clearly invited by the appellant. Having waived such right in the trial court, we think there was no error in the court's judgment in this respect.

Finding no error in the record, the judgment is affirmed.