**MANZELL v. HIGHTOWER et al.**

No. 5888.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1942.

Israel Smith, of Tyler, for appellant.

Clower, Bezoni & Wilson, of Tyler, for appellees.

HALL, Justice.

On May 17, 1939, appellees, Mrs. Carolina B. Hightower, joined by her husband, C. E. Hightower, instituted this suit in the District Court of Smith County against appellant for the balance due on a note dated January 18, 1933, payable twenty-four months after date. It was alleged that during the early part of January, 1938, after the note had been placed in the hands of appellees' attorney for collection, "Thomas K. Manzell (appellant) came to the office of the said attorneys and discussed the means and method of paying said note. On said occasion, the said Thomas K. Manzell acknowledged the justness of the debt, and acknowledged that the signature on the note was his own and requested that suit not be filed, that he would pay the note just as soon as he could. Based upon said representation by the said Thomas K. Manzell that he would pay the note, plaintiff withheld the filing of said suit and that thereafter an agreement was made whereby the said Thomas K. Manzell was bound and obligated to pay a sum not less than Twenty and no/100 ($20.00) Dollars a month on said note;" that appellant made seven payments in accordance with said agreement, but "since the 27th day of March 1939 the defendant has failed to live up to the terms of the agreement as made and entered into as hereinabove alleged." Appellees alleged further: "that the reacknowledgment of the debt and the agreement to pay the same, both on the occasion in 1936, and in January 1938, were made before four years had elapsed from the original due date of said note * * * that the suit was not filed within the four year period of the original due date of the said note because of the representation of the defendant to the effect that he would pay the note, and that he would pay regular monthly payments in the amount of not less than Twenty and no/100 ($20.00) Dollars per month." Appellant answered, setting up limitation under the two and four year statutes, Vernon's Ann.Civ.St. arts. 5526, 5527, also the statute of frauds (R.C.S. Article 3995, Sec. 5) with respect to the alleged oral agreement of January 1938 to pay said indebtedness in monthly installments of not less than $20 per month. Subject to these pleas appellant interposed a general denial.

Judgment was rendered for appellees, upon trial before the court without a jury.

It is the contention of appellant that the trial court erred in not (1) concluding as a matter of law that the indebtedness was "barred by limitation;" (2) that the statute of frauds was applicable to the alleged oral contract; and (3) that appellant was not estopped from pleading limitation against said indebtedness. No statement of facts accompanies the record, but at the request of appellant the court below filed findings of fact and conclusions of law. Finding of fact No. 1 is to the effect that on January 18, 1933, appellant executed and delivered to appellee Mrs. Carolina B. Hightower the note sued on herein. The other findings of fact are:

"2. That thereafter, on the 21st day of June 1938, and before said note was barred by the statute of limitations, defendant Thomas K. Manziel entered into an agreement with plaintiff's attorney and with plaintiff to make monthly payments on said note, in the amount of $20.00 per month.

"3. That in pursuance to said agreement, defendant Thomas K. Manziel, on the 21st day of June 1938, August 2, 1938, August 23, 1938, September 22, 1938, October 25, 1938, February 22, 1939, March 27, 1939, did make payments in the amount of $20.00 each upon said note.

"4. That said agreement, although made at a time when said note was not barred by the statute of limitations, extended over and into a time when said note was barred by the statute of limitations.

"5. That said agreement was oral and not in writing, and that it would have required more than one year from the date of said agreement for the note to have been paid in full according to the monthly payments agreed upon."

Conclusions of law Nos. 2, 3 and 4 are:

"2. That by virtue of said agreement, defendant Thomas K. Manziel is estopped from pleading the statute of limitations in bar of said note.

"3. That what is commonly known as the statute of frauds, which is plead herein as a defense because the agreement was not in writing, and, further, because it would have required more than one year for said agreement to have been completed, is not applicable nor available to the defendant as a defense in this case.

"4. That said note is due and unpaid and is not barred by the statute of limitations."

■■ There is no issue on this appeal as to the justness of the claimed indebtedness. It is our opinion that finding of fact No. 2 is sufficient upon which to predicate the trial court's conclusion of law No. 2, to the effect that appellant is estopped from pleading the statutes of limitation against the indebtedness here involved. At the time the oral agreement was consummated, by which appellant was to pay the balance of his indebtedness in installments of $20 per month, appellees' right to sue was not barred. But by appellees' forbearance toward appellant in extending to him additional time in which to pay his indebtedness, and in refraining from instituting suit against him on said note, more than four years elapsed after the due date thereof. Under the findings here, appellant is in no position to urge the bar of the statutes of limitation. Equity will estop him from taking advantage thereof for the reason that appellees by entering into the oral extension of time for the payment of the balance of said note changed their position by relinquishing their right to institute suit to collect said balance before it became barred. Appellant will not be permitted to pay on the indebtedness under the terms of the oral contract until such a time as the original note is barred by the statute of limitation, then cease payment, and invoke the bar of the statute against an action by appellees to collect from him the balance of said indebtedness. This would permit appellant to take advantage of his own wrong. McNeill v. Simpson, Tex.Com. App., 39 S.W.2d 835; Williams v. Jones, 122 Tex. 61, 52 S.W.2d 256. The law will not deny one the right to pay his just indebtedness. Bellamy v. Oklahoma Farm & Mortg. Co., Tex.Com.App., 278 S.W. 180.

■■ Upon the findings of fact herein set forth, equity will remove the oral contract of extension from the application of the statute of frauds. In Texas Co. v. Burkett, 117 Tex. 16, 296 S.W. 273, 279, 54 A.L.R. 1397, Chief Justice Cureton, speaking for the Supreme Court, said: "The general rule is that, where one party to an oral contract has in reliance thereon so far performed his part of the agreement that it would be perpetrating a fraud on him to allow the other party to repudiate the con-tract and set up the statute of frauds in justification thereof, equity will regard the case as being removed from the operation of the statute, and will enforce the contract. Long on Irrigation, §§ 177, 178, and authorities supra; 27 Corpus Juris, p. 342, § 427; Storey's Equity Jurisprudence, vol. 2, § 1977; Morris v. Gaines, 82 Tex. 255, 17 S.W. 538; Ponce v. McWhorter, 50 Tex. 562." Callahan v. Walsh, Tex.Civ. App., 49 S.W.2d 945; Ware v. Poindexter Furniture & Carpet Co., Tex.Civ.App., 88 S.W.2d 718. From the record before us, we conclude that appellant is estopped from setting up as a defense to the cause of action herein asserted either the bar of the statutes of limitation or the statute of frauds.

All other propositions brought forward are without merit and are overruled.

The judgment of the trial court is affirmed.